Pat PORTER and Sue Cooper,
Appellants,

v.

Debbie Lou DOWNING, Appellee.

No. 8674.

Court of Civil Appeals of Texas,
Texarkana.

Feb. 20, 1979.

Rehearing Denied March 20, 1979.

Herbert Boyland, Kenley, Boyland, Starr, Coghlan & Erskine, Longview, for appellants.

G. Brockett Irwin, Longview, for appellee.

HUTCHINSON, Justice.

This is a suit for damages for personal injuries resulting from an assault and battery.

Appellants, Porter and Cooper, and appellee, Downing, were employees of Holiday Lodge Nursing Home in Longview and the alleged assault was committed on the premises of the Holiday Lodge Nursing Home during the duty hours of appellants and appellee. It was established by undisputed evidence or by stipulation that the injuries sustained by appellee were caused by an assault directed against her as an employee of Holiday Lodge Nursing Home, or because of such employment, and not for personal reasons. At all material times, the employer was a subscriber to the Worker's Compensation Act of the State of Texas and appellee had not notified her employer, either at the time of her employment or at any time thereafter, that she was claiming her right of action at common law or under any statute to recover for damages for injuries sustained in the course of her employment. After the alleged assault and injury, appellee made no claim whatsoever, medical or otherwise, for benefits under the Worker's Compensation Act.

The case is here on one point of error, that is, appellee is not entitled to recover common law damages for injuries resulting from an assault by a co-employee by reason of her employment, as opposed to personal reasons, where the employer was a subscriber under the Worker's Compensation Act.

■ Appellee counters with the proposition that inasmuch as the injury complained of was intentionally inflicted and no claim was made under the Worker's Compensation Act, this suit is maintainable by virtue of Section 13, Article I of the Texas Constitution.

We agree with appellee. Soon after the enactment of the initial worker's compensation act in Texas, our Supreme Court was called upon by certified questions to determine the constitutionality of various provisions of the new act. *Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 185 S.W. 556 (1916). The answer to one of those questions is determinative of the question before this Court. There Chief Justice Phillips discussed the application of the act to "accidental" injuries as opposed to "intentional" injuries and concluded that a cause of action based upon a "negligent" act is a creation of the common law and one based upon an "intentional" act is found in the Constitution, saying:

"Here the character of injuries, or wrongs, dealt with by the Act becomes important. Notwithstanding the breadth of some of its terms, its evident purpose was to confine its operation to only accidental injuries, and its scope is to be so limited. Its emergency clause declares its aim to be the protection by an adequate law of the rights of employees injured in 'industrial accidents,' and the beneficiaries of such employees as may be killed 'in such accidents.' The Bill of Rights, Section 13, Article I of the Constitution provides that 'every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law'; that is, the right of redress in the courts of the land in accordance with the law's administration. It is therefore not to be doubted that the Legislature is without the power to deny the citizen the right to resort to the courts for the redress of any intentional injury to his person by another. Such a cause of action may be said to be protected by the Constitution and could not be taken away; nor could the use of the courts for its enforcement be destroyed. This Act does not affect the right of redress for that class of wrongs. The injuries, or wrongs, with which it deals are accidental injuries or wrongs. . . ."

*Middleton v. Texas Power & Light Co.*, supra, has been followed consistently. *Castleberry v. Frost-Johnson Lumber Co.*, 283 S.W. 141 (Tex.Com.App.1926, judgmt. adopted): "Under our Texas law, employés have all their original rights when injured through willful acts or omissions. . . ."; *Aetna Insurance Company v. Hart*, 315 S.W.2d 169 (Tex.Civ.App. Houston 1958, writ ref'd n. r. e.): "The Act does not cover intentional wrongs because the Legislature could not constitutionally deprive the employee of his common law right to recover for such wrongs. . . ."; *Richardson v. The Fair, Inc.*, 124 S.W.2d 885 (Tex.Civ. App. Beaumont 1939, writ dism'd judgmt. cor.); *Fidelity & Casualty Co. of New York v. Neas*, 93 F.2d 137 (5th Cir. 1937).

■ We are of the opinion that this Constitutional right should be maintained and protected. At the same time we approve of the decisions holding that if the injured employee makes claim for or accepts benefits under the Worker's Compensation Act, such employee cannot thereafter maintain a suit against a co-employee or the employer on the basis of an intentional injury. *Grove Mfg. Co. v. Cardinal Const. Co.*, 534 S.W.2d 153 (Tex.Civ.App. Houston-14th Dist. 1976, writ ref'd n. r. e.); *Heibel v. Bermann*, 407 S.W.2d 945 (Tex.Civ.App. Houston 1966, no writ); *Jones v. Jeffreys*, 244 S.W.2d 924 (Tex.Civ.App. Dallas 1951, writ ref'd). Such an employee by claiming and collecting under the Act has made an election of remedies and is then estopped from proceeding in an action for damages for an intentional tort.

The judgment of the trial court is affirmed.