Jerry SHULTS, Petitioner,

v.

The STATE of Texas, Respondent.

No. C–3240.

Supreme Court of Texas.

Dec. 19, 1984.

Mike Aranson and Frank Shor, Dallas, for petitioner.

Henry Wade, Dist. Atty., Tom Streeter and Bill Booth, Asst. Dist. Attys., Dallas, for respondent.

PER CURIAM.

This is an appeal from a judgment ordering forfeiture of certain items of personal property as "drug paraphernalia" pursuant to the civil forfeiture provision of the Controlled Substances Act, Tex.Rev.Civ.Stat. Ann. art. 4476–15 (Vernon Supp.1984). The State made four separate seizures of property from a shop known as Gas Pipe, Inc. located in Dallas. Jerry and Lori Shults were the sole shareholders in Gas Pipe, Inc. The State filed four civil forefeiture petitions naming Jerry Shults and Gas Pipe, Inc. as respondents. The trial court rendered judgment, ordering the seized property forfeited to the State.

Although Shults asserted a property interest in the seized property and was named as a respondent in the forfeiture petition, the court of appeals held that Gas Pipe, Inc. was the owner of the forfeited property. Therefore, the court held that Shults had no standing to appeal the forfeiture order. Because Jerry Shults executed the appeal bond in his own name, and Gas Pipe, Inc. was not named in the appeal bond, the court of appeals held that Gas Pipe, Inc. failed to perfect appeal. Therefore, the court of appeals affirmed the trial court and overruled Shults' motion to amend or supplement the cost bond on appeal.

 It is well settled that under Rule 363a appeal bonds are to be liberally construed. *Owen v. Brown,* 447 S.W.2d 883 (Tex.1969); *United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. v. Borden,* 160 Tex. 203, 328 S.W.2d 739 (1959); *Grogan Mfg. Co. v. Lane,* 140 Tex. 507, 169 S.W.2d 141 (1943). In *Woods Exploration & Prod. Co. v. Arkla Equip. Co.,* 528 S.W.2d 568 (Tex.1975), this court allowed a clerk's certificate in

lieu of an appeal bond to be amended for the benefit of parties, such as Gas Pipe, Inc., that were not named in the original certificate. In *Woods*, we further stated that courts "are admonished not to affirm or reverse a judgment or dismiss an appeal or writ of error for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend the same." *Id.* at 570. We hold that the court of appeals erred in affirming the trial court and overruling Shults' motion to amend the cost bond on appeal.

Pursuant to Tex.R.Civ.P. 483, we grant the writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and direct the court to grant leave to file an amended appeal bond. Upon the filing thereof, the court will dispose of the case on the merits.