John POWELL, et al., Appellants,

v.

CITY OF McKINNEY, Appellee.

No. 05–85–00630–CV.

Court of Appeals of Texas,
Dallas.

April 25, 1986.

Rehearing Denied June 6, 1986.

Randall R. Moore and Darrell Panethiere, Law Offices of Windle Turley, P.C., Dallas, for appellants.

Kenneth C. Dippel and John M. Hill, Hutchison, Price, Boyle & Brooks, Dallas, for appellee.

Before VANCE, DEVANY and SCALES, JJ.

ON MOTION FOR REHEARING

DEVANY, Justice.

We grant the appellants' motion for rehearing, withdraw our former opinion and judgment of February 11, 1986, and substitute this opinion reversing the judgment of the trial court.

On original submission in this inverse condemnation and nuisance action we reversed the judgment of the trial court as it related to the two individuals over whom we held that we had jurisdiction. On our own motion, however, we dismissed the appeals of twenty-two other individuals whose interests the "Brief of Appellants" purported to represent because they were not included on the cost bond. On motion for rehearing, these individuals argue that they should have been given an opportunity

to amend the bond before we dismissed their attempted appeals, notwithstanding their failure to request permission to do so until after we dismissed the appeals. We grant their motion to amend the bond.

The City of McKinney, however, urges that we were correct in our original assessment that this court had no jurisdiction over those individuals not named on the appeal bond. It insists that the bond was not defective but, rather, that it simply did not pertain to the appeal of the dismissed individuals. The City would have us hold that the cost bond of "John Powell and Annette Powell" was exactly what it purported to be—a timely and adequate cost bond perfecting the appeals of these two individuals, but these two individuals only. Therefore, the City argues, the authority and duty of this Court to allow the amendment of a defective cost bond, arising under rules 363a and 437,[1] are inapplicable.

■ While the City's argument has merit and was our original position on submission, we conclude now that, under case law, the timely filing of an appeal bond by any of several proper appellants gives this court jurisdiction over the entire appeal and that an appellant who establishes that he was inadvertently omitted from the jurisdiction-invoking cost bond has the right to amend the bond by adding his name to it. *See Shults v. State*, 682 S.W.2d 260–61 (Tex.1984); *Kimberly Development Corp. v. First State Bank*, 404 S.W.2d 631, 634 (Tex.App.—Houston 1966, writ ref'd n.r.e.); *Bean v. Hardware Mutual Casualty Co.*, 349 S.W.2d 284, 286–87 (Tex.Civ.App.—Beaumont 1961, writ ref'd n.r.e.). It is the presence of a timely appeal bond executed by *proper* appellants in this case that distinguishes the present situation from that presented in *Governing Board v. Pannill*, 561 S.W.2d 517, 521–22 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.). The attorney of record for the appellants and the individual who prepared the application for appeal bond have each submitted affidavits in which they allege that the dismissed individuals were meant to have been includ-

ed on the appeal bond and that they were named as appellants on the application for appeal bond. Thus, the instant case, like *Bean*, appears to be a case of a simple mistake in the typing of the cost bond by failing to include the phrase "et al."

■ Turning to the merits of the appeal, we will refer to all of the appellants as the "Powells." We hold that the summary judgment was based upon lack of a denial of an improper request for admission, which did not dispose of all issues of material fact. Consequently, we reverse and remand the judgment of the trial court.

The City's motion for summary judgment is based entirely upon a request for admission which the Powells failed to deny, and which the City urges is, therefore, deemed admitted pursuant to rule 169. The requested admission states that the Powells "no longer wish to pursue their cause of action in the above styled and numbered cause."

The Powells contend, *inter alia*, that summary judgment was inappropriate because this requested admission, which the trial court viewed as admitted, does not, standing alone, constitute sufficient summary-judgment evidence. We agree. "The wor[d] 'wish' ... can be and frequently [is] used ... to express hope or desire unaccompanied by any expectation or intention of gratifying the wish ... immediately." *Austin Presbyterian Theological Seminary v. Moorman*, 391 S.W.2d 717, 720 (Tex.1965).

We conclude that this requested admission, which goes only to the "wish" of the parties, is not relevant to the material issues of fact in this controversy and that it is, therefore, inadequate to support the summary judgment. The City's contention that the Powells did not properly raise this issue at the summary judgment hearing is without merit. Regardless of the response (or lack thereof) by the nonmoving party, it remains the duty of a defendant/movant for summary judgment to conclusively prove that at least one essential element of

---

**1.** All references to the rules are to the Texas Rules of Civil Procedure.

the plaintiff's cause of action does not exist. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). *See also Jeanes v. Henderson*, 688 S.W.2d 100, 107 (Tex.1985); *Cloys v. Turbin*, 608 S.W.2d 697, 699 (Tex.Civ.App. —Dallas 1980, no writ).

Additionally, because the requested admission is not relevant to the material issues of fact in this controversy, it is not a proper topic for a request for admissions. Rule 166b, 169. Consequently, this improper request for an admission may not result in a deemed admission. *Cf. Boyter v. MCR Construction Co.*, 673 S.W.2d 938, 940–41 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) (request for admission of inadmissible opinion may not be deemed admitted.)

Finally, we doubt that rule 169 was meant to authorize this kind of inquiry:

> The primary purpose of the rule is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. It was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.

*Sanders v. Harder*, 148 Tex. 593, 597, 227 S.W.2d 206, 208 (1950). We view *Sanders* as an indication that this kind of sweepingly broad request for an admission is improper. *See also Taylor v. Lewis*, 553 S.W.2d 153, 160 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.) (rule 169 was not designed to be a trap to prevent the presentation of the truth in a full hearing, but to be used as a tool for the fair disposition of litigation with a minimum of delay). In any event, an admission resulting from such an inquiry does not dispose of the material issues of fact in a case.

Because of our resolution of this issue, we need not address the Powells' other points of error. The judgment of the trial court awarding the City summary judgment against the Powells is reversed and the cause is remanded for a trial on the merits.