Antonio **RAMIREZ and Dallas Electric Company, Inc., Appellants,**

v.

The **PECAN DELUXE CANDY COMPANY, Appellee.**

No. 05–90–01486–CV.

Court of Appeals of Texas, Dallas.

July 3, 1992.

Rehearing Denied Sept. 14, 1992.

Deanne C. Ayers, Dallas, Mary Taylor Henderson, Corpus Christi, for appellants.

Beverly B. Godbey, Cynthia Hollingsworth, Joanne Early, Dallas, for appellee.

Before ENOCH C.J., and OVARD and BURNETT, JJ.

## OPINION ON REHEARING

OVARD, Justice.

We withdraw our opinion of January 6, 1992, and vacate our judgment of that date. This is now the Court's opinion.

This case requires us to decide whether a worker's application for and acceptance of workers' compensation benefits for an injury bars intentional tort and strict liability causes of action against his employer for the same injury. Antonio Ramirez and Dallas Electric Company, Inc. appeal from a summary judgment granted in favor of The Pecan Deluxe Candy Company (Pecan Deluxe). In two points of error, appellants assert that the trial court erred in granting Pecan Deluxe's motion for summary judgment because (1) Ramirez's application for and acceptance of workers' compensation benefits did not waive his right to damages for intentional tort and (2) the trial court dismissed causes of action not addressed by Pecan Deluxe's motion for summary judgment. In a cross-point, Pecan Deluxe asserts that this Court should dismiss this appeal because Ramirez did not properly perfect his appeal and because Dallas Electric lacks standing to complain on appeal. Pecan Deluxe urges us, in a second cross-point, to award it damages because appellants brought a frivolous appeal.

We sustain appellants' first point of error regarding Ramirez's right to proceed under an intentional tort cause of action. We overrule appellants' second point of error and Pecan Deluxe's cross-points. Consequently, we affirm in part and reverse in part the trial court's judgment. We remand Ramirez's intentional tort cause of action for a new trial.

### FACTS

Ramirez lost both of his arms while cleaning a candy grinding machine for Pecan Deluxe. Initially, one arm was caught in the machine. His other arm became entangled when he tried to free the first arm. Medical technicians had to amputate each arm above the elbow to free Ramirez from the machine. While he was still in the hospital for these injuries, he applied for and received workers' compensation benefits.

He then sued Brittain Machine Shop, Dallas Electric, and his employer Pecan Deluxe. He alleged negligence, gross negligence, negligence per se, and strict liability causes of action against Brittain and Dallas Electric. He alleged an intentional tort cause of action against Pecan Deluxe. Dallas Electric filed a cross-action against its codefendant Pecan Deluxe seeking contribution. Pecan Deluxe moved for summary judgment on all issues relying on Ramirez's application for and receipt of workers' compensation benefits. The trial court granted Pecan Deluxe's motion. Dallas Electric then nonsuited its cross-action

against Pecan Deluxe. The trial court dismissed Ramirez's suit against Brittain and Dallas Electric after the parties reached a settlement agreement.

## JURISDICTION

We address Pecan Deluxe's first cross-point because it challenges our jurisdiction. Pecan Deluxe complains that Ramirez and Dallas Electric are not properly before this Court and requests that we dismiss this appeal for want of jurisdiction. It alleges that Ramirez never properly perfected an appeal and that Dallas Electric has no standing to complain on appeal. It originally brought this complaint to our attention in a pre-submission motion to dismiss.

■ An appealing party must be named as a principal on the appeal bond and must execute the bond or have someone with legal authority to act for him execute the bond. *Owen v. Brown*, 447 S.W.2d 883, 885 (Tex.1969). Where there are several appellants, a court of appeals acquires jurisdiction only as to those appellants who have timely filed a bond. *Governing Bd. v. Pannill*, 561 S.W.2d 517, 520 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.). The appellate court has no jurisdiction over attempted appeals by co-appellants who have not timely filed a bond. *Duke v. Lloyd*, 584 S.W.2d 742, 742 (Tex. Civ.App.—Waco 1979, no writ).

■ Multiple appellants may perfect an appeal by filing one bond on behalf of all appellants. We may not dismiss an appeal for procedural defects of form or substance without allowing an opportunity to correct the defect. *Woods Explor. & Producing Co. v. Arkla Equip. Co.*, 528 S.W.2d 568, 570 (Tex.1975). An appellant who shows that he was accidentally omitted from the jurisdiction-invoking cost bond has the right to amend the bond by adding his name to it. *Powell v. City of McKinney*, 711 S.W.2d 69, 70 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). This rule allowing amendment applies even when the person executing the cost bond was not a proper party on appeal. *See Shults v. State*, 682 S.W.2d 260, 260–61 (Tex.1984) (sole shareholder, who executed appeal bond only in

his name, had no standing to appeal but corporate appellant should be allowed to amend bond); *Owen*, 447 S.W.2d at 884–85 (defendant allowed to amend bond executed by defendant's insurer who was not a party to the suit).

■ Under these rules, whether Dallas Electric is a proper party to this appeal does not affect this Court's jurisdiction of Ramirez's appeal. The only issue is whether Ramirez has established that Dallas Electric filed the appeal bond on behalf of both parties and accidentally omitted Ramirez as a principal.

The appeal bond states in pertinent part:

### COST BOND ON APPEAL

WHEREAS, in the above entitled and numbered cause pending in the 160th Judicial District Court of Dallas County, Texas, an Order of Dismissal was signed on the 7th day of August, 1990 dismissing The Pecan Deluxe Candy Company herein, from which judgment *Antonio Ramirez and Dallas Electric Company, Inc.* desire to appeal to the Court of Appeals for the Fifth District of Texas, City of Dallas, Texas:

NOW, THEREFORE, We, Dallas Electric Company, Inc., as principal and Westchester Fire Insurance Company of 4040 N. Central Expwy, Dallas, Texas 75204, as surety, acknowledge ourselves bound to pay to The Pecan Deluxe Candy Company, the sum of One Thousand Dollars ($1000.00), as prescribed by Rule 46 of the Texas Rules of Appellate Procedure, conditioned that *Anthony Ramirez and Dallas Electric Company, Inc., appellants*, shall prosecute the appeal with effect, and shall pay all other costs which have accrued in the trial court and the cost of the statement of facts and transcript.

(emphasis added).

In response to an order of this Court, Ramirez and Dallas Electric supplemented the record with the affidavit of Ramirez's attorney. The affidavit states that Ramirez intended to appeal, that he intended Dallas Electric to file the cost bond on his

behalf, and that his omission as principal was inadvertent. In light of this affidavit and the statements in the cost bond, we allowed Ramirez to amend the cost bond. Thus, we have jurisdiction over Ramirez's appeal.

■ ■ In addition, Pecan Deluxe requests that we dismiss this appeal for want of jurisdiction because Dallas Electric has no standing to complain about the adverse judgment affecting a third party. For a summary judgment to be final, it must dispose of all parties and all issues. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex. 1984). It does not matter whether the trial court accomplishes this in one order or in a series of orders. *See Runnymede Corp. v. Metroplex Plaza, Inc.,* 543 S.W.2d 4, 5 (Tex.Civ.App.—Dallas 1976, writ ref'd). The dismissal of Dallas Electric disposed of the last party and issue before the trial court. Dallas Electric, as a party to the judgment, has standing to appeal. *Stroud v. Stroud,* 733 S.W.2d 619, 620 (Tex.App.—Dallas 1987, no writ). Once Dallas Electric filed a timely appeal bond, we gained jurisdiction over this appeal.

Dallas Electric's standing to complain of the take-nothing judgment against Ramirez is a different issue from Dallas Electric's standing to appeal or our jurisdiction over this case. *See Buckholts Indep. Sch. Dist. v. Glaser,* 632 S.W.2d 146, 150 (Tex.1982). Although the law may prevent Dallas Electric from recovering, we will not dismiss for want of jurisdiction. *See Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 819 (Tex.1984) (settling tortfeasor had no right to indemnity or contribution from joint non-settling tortfeasor). We overrule Pecan Deluxe's first cross-point.

### INTENTIONAL TORT UNDER WORKERS' COMPENSATION ACT

In his first point of error, Ramirez asserts that the trial court erred in granting Pecan Deluxe's motion for summary judgment. Pecan Deluxe responds that the receipt of workers' compensation benefits bars Ramirez's intentional tort cause of action. Ramirez argues that Pecan Deluxe had the burden to prove that Ramirez made an election of remedies. He argues that Pecan Deluxe did not meet this burden because it failed to show that there was a final settlement between himself and Pecan Deluxe's workers' compensation carrier, Liberty Mutual Insurance Company.

■ Summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to judgment as a matter of law. TEX. R.CIV.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 413 (Tex.1989). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party its right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

■ ■ In a summary judgment proceeding, Pecan Deluxe as movant must either (1) disprove at least one element of each of Ramirez's theories of recovery or (2) plead and conclusively show each essential element of an affirmative defense, thereby rebutting his cause of action. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979). A summary judgment for Pecan Deluxe disposing of the entire case is proper only if, as a matter of law, Ramirez could not succeed on any theory pleaded. *See Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983).

■ In support of its motion for summary judgment, Pecan Deluxe offered the affidavits of Marianne Caironi, senior claims supervisor of Liberty Mutual, and Bennie Brigham, president of Pecan Deluxe. Attached to Caironi's affidavit is an "E1" claim form for workers' compensation benefits signed by Ramirez six days after the injury. Brigham testified that Ramirez's injury was work-related and that Liberty Mutual is Pecan Deluxe's compensation carrier. Caironi testified that Liberty Mutual made weekly compensation payments to Ramirez and paid for his reasonable and necessary medical expenses.

An affiant's position in the company may show how the affiant learned or knew of the facts contained in the affidavit. *See Jackson T. Fulgham Co. v. Stewart Title Guar. Co.*, 649 S.W.2d 128, 130 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). Brigham, as president, would know of the existence of such a serious work-related injury and the identity of Pecan Deluxe's insurance carrier. Caironi, as senior claims supervisor, can attest to the E1 claim form as a business record and to Liberty Mutual's payments under the terms of the policy between itself and Pecan Deluxe. Pecan Deluxe established that Ramirez applied for an received workers' compensation benefits for these injuries while he was still convalescing in the hospital. There is no evidence of a final commission award or settlement with Liberty Mutual.

The Texas Bill of Rights guarantees an employee's cause of action against an employer for intentional injuries. TEX.CONST. art. I, § 13; *Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex.1981); *Grove Mfg. Co. v. Cardinal Constr. Co.*, 534 S.W.2d 153, 155 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). The Workers' Compensation Act exempts employers from common law liability based on negligence or gross negligence, but "does not exempt employers from common law liability for intentional injuries." *Castleberry*, 617 S.W.2d at 666; *see* TEX.REV.CIV. STAT.ANN. art. 8306, § 5 (Vernon 1967) (now TEX.REV.CIV.STAT.ANN. art. 8308–4.01(b) (Vernon Pamph.1992)); *see also Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 109, 185 S.W. 556, 560 (1916).

■■ The election of remedies doctrine may constitute a bar to relief when one exercises an informed choice between two or more remedies, rights, or states of facts that are so inconsistent as to constitute manifest injustice. *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851 (Tex. 1980). One's choice between inconsistent remedies does not amount to an election that will bar further action unless the choice is made with a full and clear understanding of the problem, facts, and reme-

dies essential to the exercise of an intelligent choice. *Id.* at 852.

The term "election of remedies" has been applied to various distinct fact situations involving workers' compensation claims. In one fact situation, it refers to an injured worker electing between remedies under the Workers' Compensation Act or common law negligence. *See Grimes v. Jalco Inc.*, 630 S.W.2d 282, 285 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *see also Ferguson v. Hospital Corp. Int'l*, 769 F.2d 268, 275 (5th Cir.1985). A final award from the Texas Workers' Compensation Commission,[1] including the exhaustion of judicial review of that award, is controlling on whether a worker has made this type of an election. *See* TEX.REV.CIV.STAT.ANN. arts. 8308–2.01, 8308–6.61–6.64 (Vernon Pamph. 1992); *Grimes*, 630 S.W.2d at 285. In another fact situation, it refers to an election between claiming workers' compensation benefits for the injury as occupational or claiming general medical benefits for the injury as non-occupational. *See Bocanegra*, 605 S.W.2d at 850, 853.

■ The "election of remedies" doctrine has also been applied to the choice between seeking damages for an injury under the Act or under an intentional tort theory. *See Porter v. Downing*, 578 S.W.2d 460, 461 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.); *see also Ferguson*, 769 F.2d at 275 n. 10. Although the Texas Supreme Court no longer applies the term "election of remedies" to this second situation, the court now recognizes that a claim made under the Act and a claim for intentional tort are mutually exclusive. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 933 (Tex.1983). The court held that a worker who claims and accepts benefits under the Act cannot claim that the same injuries resulted from an intentional tort. *Id.* An injured worker can recover under both the Act and intentional tort only if the employer committed an intentional act that is separable from the compensation claim and it produced an independent injury. *See Aranda v. Insurance Co. of N. Am.*, 748

---

1. Previously the Industrial Accident Board.

S.W.2d 210, 214 (Tex.1988); *Grove*, 534 S.W.2d at 154–55.

 In *Massey*, however, the injured worker received a final commission award. *See Massey*, 652 S.W.2d at 933. The acceptance of a final commission award raises a presumption that the injured worker made an informed choice between available statutory and judicial remedies. *See id.; Grimes*, 630 S.W.2d at 285. If Ramirez had accepted a final commission award, he would have elected his statutory remedy for his injuries, which would avoid a legal battle with Pecan Deluxe. *See Middleton*, 185 S.W. at 560; Tex.Rev.Civ.Stat.Ann. arts. 8308–6.01–6.64 (Vernon Pamph.1992). As with any legal presumption, the burden then shifts to Ramirez to prove that even the acceptance of a final commission award was not an informed election. *See Bocanegra*, 605 S.W.2d at 852–53.

The summary judgment evidence proved only that Ramirez applied for and received workers' compensation benefits for his injuries. Ramirez made that claim six days after sustaining these injuries while still recovering in the hospital. There is no summary judgment evidence showing that he made an informed election between workers' compensation benefits and recovery under an intentional tort cause of action. We hold that Pecan Deluxe did not prove that Ramirez made an informed election that precludes him from proceeding into court under an intentional tort theory. We sustain his first point of error.

## STRICT LIABILITY UNDER THE WORKERS' COMPENSATION ACT

In his second point of error, Ramirez asserts that the trial court erred in granting summary judgment dismissing claims not addressed in Pecan Deluxe's motion. In his brief, Ramirez asserts that the motion specifically addressed only the intentional tort cause of action but did not address his allegations of negligence per se, gross negligence, and strict liability. Pecan Deluxe moved for summary judgment on all claims asserted against it by Ramirez in Plaintiff's Second Amended Original Petition. That petition asserted only an intentional tort cause of action.

 The trial court shall render judgment on the issues expressly set out in the motion for summary judgment or in an answer or *any other response*. Tex. R.Civ.P. 166a(c). A court may not grant summary judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983). In oral argument, Ramirez's counsel conceded that gross negligence was not before this Court on appeal because he asserted it only against defendants other than Pecan Deluxe. Ramirez's and Dallas Electric's attorneys stated that an amended petition filed after Pecan Deluxe's motion for summary judgment, but before the trial court's judgment, pleaded intentional tort and strict liability causes of action against Pecan Deluxe. That petition is not in the appellate record. However, the record does contain Dallas Electric's response to the summary judgment motion. That response addresses intentional tort and strict liability claims. From the state of the record and argument of counsel, we conclude that the trial court's judgment encompasses the strict liability and intentional tort claims but not the gross negligence or negligence per se claims.

 Dallas Electric, in its response to Pecan Deluxe's motion for summary judgment, urged the trial court to accept the "dual capacity" doctrine when considering Pecan Deluxe's tort liability. Under this doctrine, an employer may be liable to its employee if it occupies, in addition to its capacity as employer, a second capacity that confers on it obligations independent of those imposed on it as an employer. *Cohn v. Spinks Indus., Inc.*, 602 S.W.2d 102, 103 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); 2A Arthur Larson, The Law of Workman's Compensation § 72.81, at 14–112 (1990). The dual capacity doctrine attempts to circumvent the exclusivity provisions of the workers' compensation laws. *Cohn*, 602 S.W.2d at 103; *see also* Tex.Rev. Civ.Stat.Ann. art. 8308–3.08 (Vernon Supp.

1992) (previously TEX.REV.CIV.STAT.ANN. art. 8306, § 3a (Vernon 1989)). Dallas Electric urged this exception because it alleges that Pecan Deluxe was directly involved in the design, engineering, and manufacture of the candy grinder.

Texas has adopted the dual capacity doctrine for an executive officer when acting as an ordinary employee. *Harris v. Casualty Reciprocal Exch.*, 632 S.W.2d 714, 717 (Tex.1982). In *Harris*, a company officer was killed while working as the night manager for a club that the company owned and operated. *Id.* at 718–19. The court held that the officer was also an "employee" at the time of his death and, therefore, covered by the Workers' Compensation Act. *Id.*

The two Texas cases that have previously considered whether the dual capacity doctrine applies to employers have declined to adopt it. *Davis v. Sinclair Ref. Co.*, 704 S.W.2d 413, 415 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Cohn*, 602 S.W.2d at 103–04. We agree that Texas law currently mandates against the judicial adoption of this doctrine. *Davis*, 704 S.W.2d at 415; *Cohn*, 602 S.W.2d at 104. The legislature extensively revised and the Workers' Compensation Act in 1989. TEX. REV.CIV.STAT.ANN. arts. 8307–8309 (Vernon Pamph.1992). It left intact the exclusive remedy provision that the "recovery of workers' compensation benefits under this Act is the exclusive remedy of an employee ... against the employer...." TEX.REV. CIV.STAT.ANN. art. 8308–4.01(a) (Vernon Supp.1992). It also left intact an explicit exception for exemplary damages for intentional acts or gross negligence in death cases. TEX.REV.CIV.STAT.ANN. art. 8308– 4.01(b) (Vernon Supp.1992). If the legislature had intended any other exceptions, it would have enacted them. *Cohn*, 602 S.W.2d at 104. We do not believe it is a proper judicial function to create a new ground of recovery for employees when the legislature recently declined to do so. We overrule appellants' second point of error.

## FRIVOLOUS APPEAL

◼ In its second cross-point, Pecan Deluxe asserts that it is entitled to damages under Texas Rule of Appellate Procedure 84. Before we can assess damages under rule 84, we must make two findings: that the appellant brought this appeal for delay and without sufficient cause. *Mid–Continent Casualty Co. v. Whatley*, 742 S.W.2d 475, 479 (Tex.App.—Dallas 1987, no writ); *see* TEX.R.APP.P. 84. The court is "to look at the case from the point of view of the advocate and determine whether he has reasonable grounds to believe that the case would be reversed." *Beckham v. City Wide Air Conditioning Co.*, 695 S.W.2d 660, 663 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). If reasonable grounds do not exist, then the court may impose damages against the appellant upon affirmance or modification of the judgment. *Whatley*, 742 S.W.2d at 479.

Neither appellant gains any advantage by delaying these proceedings. Ramirez seeks recovery for a serious injury. Ramirez presented a legitimate challenge to the cases in this area of workers' compensation law. Nothing in the record indicates that Ramirez and Dallas Electric took this appeal for delay or without sufficient cause. We overrule Pecan Deluxe's second cross-point.

Because Pecan Deluxe failed to meet its burden of proof on whether Ramirez made an election of remedies, we reverse the trial court's judgment on his intentional tort cause of action only. We affirm in part and reverse in part the trial court's judgment. We remand this cause for a new trial on Ramirez's intentional tort claim.

ENOCH, Chief Justice, concurring.

I concur with the result reached by the majority. However, I disagree with the majority's contention that a claim made under the Workers' Compensation Act and an intentional tort claim are mutually exclusive. Majority Opinion at 106–107 (citing dictum in *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 933 (Tex.1983)). And I therefore further disagree that the election of remedies doctrine is applicable in this case.

On September 12, 1986, the date of Ramirez's injury, the exclusive remedy provision of the Texas Workers' Compensation Act provided that an employee of a subscriber to the Act had no right of action against his employer for damages for personal injuries. TEX.REV.CIV.STAT.ANN. art. 8306, § 3(a) (Vernon Supp.1986) (now TEX. REV.CIV.STAT.ANN. art. 8308–4.01(a) (Vernon Supp.1992)). The statute further stated: "No part of this Section is intended to lessen or alter the employee's existing rights or cause of action either against his employer, its subscriber, or any third party." TEX.REV.CIV.STAT.ANN. art. 8306, § 3(f) (Vernon Supp.1986). One such existing cause of action is the common law action for intentional injuries. *See Reed Tool Co. v. Copelin,* 610 S.W.2d 736, 739 (Tex.1980).

In other jurisdictions, employees suing employers for intentional torts are said to be excepted from exclusivity provisions of workers' compensation statutes because *intentional* injuries are distinguished from *accidental* injuries. 2A ARTHUR LARSON, THE LAW OF WORKMEN'S COMPENSATION § 68, at 13–1 (1990). I recognize that in Texas an employee is not required to prove that he incurred accidental injuries to receive workers' compensation benefits and that he need only show that he sustained an injury during the course of his employment. TEX. REV.CIV.STAT.ANN. art. 8306, § 3b (Vernon 1967) (now TEX.REV.CIV.STAT.ANN. art. 8308–3.01 (Vernon Supp.1992)). Nevertheless, judicial interpretation of the Texas Workers' Compensation Act since its enactment in 1913[1] has characterized a compensable injury as an accidental injury:

> [The Act's] evident purpose was to confine its operation to only accidental injuries and its scope is to be so limited. * * * [Due to TEX.CONST. art. I, § 13,] the Legislature is without the power to deny the citizen the right to resort to the courts for the redress of any intentional injury to his person by another. * * * *This Act does not affect the right of redress for that class of wrongs.* The injuries, or wrongs, with which it deals

are accidental injuries or wrongs. What we know and denominate as the cause of action arising from an accidental injury is purely the creation of the common law. It is a common law liability founded upon the common law doctrine of negligence; and but for the rule of the common law,—sometimes also expressed in statutes,—there would be no liability for such an injury, and hence no cause of action.

> Therefore in denying the employee of a subscribing employer, or his beneficiaries, any cause of action for accidental injuries, this Act simply changes the common law rule of liability upon the subject. It in effect declares that such employers shall no longer be liable as under that rule, but shall be liable according to the rule prescribed by the Act.

*Middleton v. Texas Power & Light Co.,* 108 Tex. 96, 185 S.W. 556, 560–61 (1916) (emphasis added).

More recently, our Supreme Court stated: "The Texas Workers' Compensation Act is the exclusive remedy for work-related injuries with the exception of intentional injury." *Reed Tool Co. v. Copelin,* 689 S.W.2d 404, 406 (Tex.1985). The Court concluded that a worker could bring an intentional tort claim against his employer if his employer knew with a substantial certainty that the worker would be injured. *Id.* at 408; *see also Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 412 (Tex.1989).

I am aware that if a claim brought under the Workers' Compensation Act and a claim for intentional tort are not considered mutually exclusive, then a worker would not be required to make an election because the two claims would not result in inconsistent remedies so as to constitute manifest injustice. *See Bocanegra v. Aetna Life Ins. Co.,* 605 S.W.2d 848, 851 (Tex. 1980). But employees would not receive double recoveries under the Act and for an intentional tort claim because the subscriber's insurer has a right to intervene in the intentional tort lawsuit and ask for recov-

---

**1.** The Act was originally called the Workmen's Compensation Act. Act effective September 1,

1913, 33rd Leg., R.S., ch. 179, 1913 Tex.Gen. Laws 429–38.

ery on any judgment to the extent of the insurer's statutory subrogation rights. *See* TEX.REV.CIV.STAT.ANN. art. 8307, § 6a(a) (Vernon Supp.1986)[2] (now TEX.REV.CIV. STAT.ANN. art. 8308–4.05 (Vernon Supp. 1992)); *Chambers v. Texas Employers Ins. Ass'n*, 693 S.W.2d 648, 649 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Carter v. Ferris*, 337 S.W.2d 852, 855 (Tex.Civ.App.—Amarillo 1960, writ ref'd n.r.e.).

Although I agree with the majority that Ramirez ought to be allowed to pursue his claim for intentional tort, I disagree with the majority's conclusion that would permit the election of remedies doctrine to be a defense to his claim.

---

**2.** Article 8307, § 6a(a) provides, in part:
 If compensation be claimed under this law by the injured employee ..., then the association shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee ... the liability of said other person, and in case the recovery is for a sum greater than that paid or assumed by the association to the employee ..., then out of the sum so recovered the association shall reimburse itself and pay said costs and the excess so recovered shall be paid to the injured employee or his beneficiaries.
TEX.REV.CIV.STAT.ANN. art. 8307, § 6a(a) (Vernon Supp.1986). "Association" is defined as an insurance company authorized to insure the payment of compensation to injured employees. TEX.REV.CIV.STAT.ANN. art. 8309, § 1 (Vernon 1967).