**Kenneth Harvey BURKETT and Betty Helen Burkett, Appellants,**

v.

**Rosalie WELBORN, et al., Appellees.**

**No. 06–00–00047–CV.**

Court of Appeals of Texas, Texarkana.

Argued Dec. 12, 2000.

Decided March 1, 2001.

Robert Drew Lybrand, Turner & Lybrand, PC, Coppell, Peter F. Doyle Jr., Atty. at Law, Nederland, for appellant.

Michael K. Rose, Donald F. Lighty, John R. Dolezal, Stevens, Baldo & Freeman, LLP, Beaumont, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Kenneth Burkett (hereafter Burkett) and his wife, Betty, brought this cause of action for negligence against Rosalie Welborn and Leslie Welborn. The suit also named Rosalie Welborn[1] in asserting premises liability causes of action. The trial court granted summary judgment in favor of all defendants. The Burketts' motion for new trial was denied, and they now appeal.

On May 21, 1996, Burkett was injured when he fell and was struck on the head and burned while using a cutting torch to remove and salvage axles from a burned-out trailer home frame. Burkett was performing this task on orders of his supervisor/co-employee, Leslie Welborn, who was responding to a directive by Rosalie Welborn. Burkett was a machinist for Electro–Motor, Inc. Electro–Motor is a family-owned business. The sole shareholder at the time of Burkett's injury was Rosalie Welborn, who was also president of the company and an employee, although she did not exercise day-to-day control of its operations.

Rosalie Welborn owned the land on which the business was located, leasing it to Electro–Motor. She also lived on an adjacent parcel of property. The salvage and cleanup of the trailer home was done on property that Rosalie Welborn owned individually. The trailer was originally purchased and used by relatives of the

---

1. Rosalie Welborn, who died during the pendency of this case, was sued in several capacities (personally, as executrix of the James Welborn estate, and as trustee of the Rosalie Welborn trust). The "Rosalie Welborn" defendants are now represented by Rosalie's daughter, JoAnne Leah Ledger, as executrix of the estate of Rosalie Welborn. These defendants/appellees will be referred to collectively as the "Rosalie Welborn" defendants. Leslie Welborn will be referred to individually.

Welborns; however, it was later used by Electro–Motor as a storage facility.

Following his injuries, Burkett received workers' compensation benefits as an employee of Electro–Motor. Burkett now seeks to bring actions in negligence against the Rosalie Welborn defendants and Leslie Welborn, claiming that the circumstances under which he was injured were out of the scope of his employment. Burkett claims that he is not precluded from bringing this suit because his injury was not work related. Burkett contends that his actions in attempting to salvage and clean the trailer home were for the personal benefit of Rosalie Welborn and/or Leslie Welborn and not for Electro–Motor. Burkett also contends that Rosalie Welborn, as owner of the premises on which he was injured, owes him the status of an invitee. Burkett contends that this duty should not be affected by any workers' compensation recovery since Electro–Motor, not Rosalie Welborn, was his employer. The trial court found that Burkett's recovery under workers' compensation was a bar to any tort recovery and granted summary judgment in favor of all defendants.

Summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377, 380 (Tex. App.—Texarkana 1989, no writ). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiffs' cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 736

(Tex.1990). A movant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of the claim. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). When the movant moves for summary judgment on reliance of an affirmative defense, the motion shall be granted on proving each element of the defense as a matter of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). Because the movant bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the genuine issue of material fact are resolved in favor of the nonmovant. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

■ In response to the motions for summary judgment, an affidavit of Burkett was submitted in an attempt to demonstrate factual disputes. Numerous statements in this affidavit contradicted Burkett's prior deposition testimony. A party cannot file an affidavit that contradicts that party's own deposition testimony, without explanation, for the purpose of creating a fact issue to avoid summary judgment. *Farroux v. Denny's Rests., Inc.*, 962 S.W.2d 108, 111 (Tex.App.—Houston [1st Dist.] 1997, no pet.). If a party's own affidavit contradicts earlier testimony, the affidavit must explain the reason for the change. *Id.* Without an explanation, it is assumed that the sole purpose of the affidavit was to avoid summary judgment, and as such, the affidavit merely presents a "sham" fact issue. *Id.* Burkett gave no explanation for the discrepancies between his deposition testimony and affidavit. Thus, the affidavit will not be considered as evidence where it conflicts with the prior sworn testimony.

■ Recovery of workers' compensation benefits is the sole remedy of an

injured employee covered by workers' compensation insurance against the employer, agent of the employer, or employee of the employer, absent an intentional act to harm or gross negligence by the employer. TEX. LAB.CODE ANN. § 408.001 (Vernon 1996); *Darensburg v. Tobey*, 887 S.W.2d 84, 86–87 (Tex.App.—Dallas 1994, writ denied). Burkett contends that workers' compensation should not be his sole means of recovery due to the fact that the injury occurred outside the scope of his employment. Course and scope of employment is defined as:

> [A]n activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer. The term includes an activity conducted on the premises of the employer or at other locations.

TEX. LAB.CODE ANN. § 401.011(12) (Vernon Supp.2001). The question of whether an employee was acting in the course and scope of employment when he was injured is ordinarily a question of fact. *McElhaney v. City of Tyler*, 926 S.W.2d 597, 602 (Tex.App.—Tyler 1996, writ denied).

■ Burkett was employed as a machinist. The work on the trailer home is not typical of a machinist. There is nothing in the statute that specifies title as an aspect of scope of employment. Burkett also testified that he was a jack-of-all-trades and had done other jobs beyond the role of machinist, such as driving a truck, carpentry, and cement work. Burkett testified that he did whatever task was assigned, without complaint, and expected to be paid for the work. Burkett was responding to a directive from Leslie Welborn when he was injured. The work was part of his work day for Electro–Motor, for which he received compensation. The axles to be salvaged were for the use of Electro–Motor. If the injury results from an activity that originates from the employment, and the injury is suffered while the employee is actually engaged in furthering the employer's business, then the injury is deemed to have been sustained within the course and scope of employment. *ESIS, Inc. v. Johnson*, 908 S.W.2d 554, 557 (Tex.App.—Fort Worth 1995, writ denied).

■ Burkett and Leslie Welborn shared supervisory duties on the salvage and cleanup project during which the injury occurred. As a co-employee, Leslie Welborn is exempt from negligence actions by the exclusionary rule. *See* TEX. LAB.CODE ANN. § 408.001. The immunity of the employer extends to co-employees. *Long v. Turner*, 871 S.W.2d 220, 223 (Tex.App.— El Paso 1993, writ denied); *Porter v. Downing*, 578 S.W.2d 460, 461 (Tex.Civ. App.—Texarkana 1979, writ ref'd n.r.e.). Rosalie Welborn was the sole shareholder of Electro–Motor, but she was also president of the corporation and recognized as an employee.

Burkett is correct that neither Rosalie nor Leslie Welborn was his employer, but the task of salvaging the trailer home was for Electro–Motor, although the home was on Rosalie Welborn's private property. Course and scope of employment is specifically defined as "an activity conducted on the premises of the employer or at other locations." TEX. LAB.CODE ANN. § 401.011(12).

■ An injury sustained in the course of employment must originate and have to do with the employer's work, and must have occurred while engaged in the furtherance of the employer's business or affairs. *Biggs v. United States Fire Ins. Co.*, 611 S.W.2d 624, 627 (Tex.1981). Workers' compensation recovery has been allowed when the employer directs any work to be

done. *Id.* at 628. This applies to work ordered by a supervisor, as long as it is authorized by the employer, regardless of whether the order benefits the employer's business or is personal in nature. *Id.*

Rosalie Welborn gave the directive to salvage and clean the area of the trailer home. Leslie Welborn relayed this directive to Burkett, and he was subsequently injured. Both Rosalie and Leslie Welborn were acting in their respective capacities as Electro–Motor employees. The trailer home had been used for storage by Electro–Motor. The salvage efforts were for the benefit of Electro–Motor. Any personal gain by Rosalie or Leslie Welborn is inconsequential since both acted in their individual capacities as Electro–Motor employees. By the clear language of the statute, the location of the trailer does not matter to scope of employment. Likewise, Burkett's title as machinist is not relevant to scope of employment, as his employment entailed multiple nonmachinist tasks. Burkett's injuries occurred while he was in the scope of his employment. There are no factual discrepancies, and the issue was correctly determined by the trial court as a matter of law to satisfy summary judgment against Burkett. His contentions to the contrary are overruled.

However, Burkett also contends that Rosalie Welborn, as the owner of the premises on which he was injured, owes him the standard of care of an invitee. Burkett argues that the existence of workers' compensation insurance is not relevant since Rosalie Welborn is not his employer.

■ The "dual capacity" doctrine states that an employer may be liable to an employee if the employer occupies, in addition to its capacity as employer, a second capacity that confers independent obligations. *Ramirez v. Pecan Deluxe Candy Co.*, 839 S.W.2d 101, 107 (Tex.App.—Dallas 1992, writ denied). This doctrine attempts to circumvent the exclusivity provisions of the workers' compensation laws. *Id.* The Rosalie Welborn defendants are correct that Texas law mandates against the adoption of this doctrine. *Id.* at 108. However, as previously stated, Rosalie Welborn was not Burkett's employer. Electro–Motor was Burkett's employer, and the corporation is not a party to this suit. The corporation did not own the premises on which Burkett was injured. Thus, the rejection of the dual capacity doctrine has no bearing on this suit.

The Rosalie Welborn defendants contend that Texas' rejection of the "dual capacity" doctrine protects Rosalie Welborn as a co-employee. In this contention, they rely on the express language of TEX. LAB.CODE ANN. § 408.001(a):

> Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage ... against the employer or an agent **or employee of the employer** for ... a work-related injury sustained by the employee.

(Emphasis added.) Based on the plain language of this provision, the Rosalie Welborn defendants argue that the "exclusive remedy" available to Burkett against his co-employee, Rosalie Welborn, is recovery of workers' compensation benefits.

■ Reliance on the "exclusive remedy" language of this statute is misplaced under the particular facts of this case. As the Burketts point out, the "employee of the employer" included in the statutory scope of Section 408.001 refers to a co-employee for whose conduct the employer is legally responsible under the doctrine of *respondeat superior*. *Darensburg v. Tobey*, 887 S.W.2d 84 (Tex.App.—Dallas 1994, writ denied). Even though Rosalie Welborn was Burkett's co-employee, their

employer, Electro–Motor, would not be vicariously liable under the doctrine of *respondeat superior* for Rosalie Welborn's liability as a landowner to an invitee.

 Burkett refers this Court to an analogous case. In *Oliver v. Marsh,* an employee of a corporation was injured after he was directed by the president and sole shareholder of the corporation to work on the removal of a shed on the president's private property. *Oliver v. Marsh,* 899 S.W.2d 353, 354–55 (Tex.App.—Tyler 1995, no writ). The Tyler Court of Appeals made no determination on whether the corporation or the individual had authorized the work. *Id.* at 356–57. Regardless of who invited the employee on the land to do the work, the employee would be considered an invitee. *Id.* at 358. An employee of another person (or entity) who enters the premises on the business of his employer, in which business the employer and property owner have a mutual interest, occupies the status of an invitee. *Id.* An invitee is an individual who enters on another's land with the owner's knowledge and for the mutual benefit of both. *Id.* When there is an invitee, the premises owner or occupier has a duty to keep the premises in a reasonably safe condition and to inspect the premises to discover any latent defects, making such defects safe or giving adequate warning. *Id.*

 The Rosalie Welborn defendants seek to distinguish the *Oliver* decision. In *Oliver,* the shed was used for both personal and corporate business. *Id.* at 354. This is not a distinguishable fact since the trailer in the case at hand was originally for personal use and at an unknown point became property of Electro–Motor. The shed in *Oliver* was to be taken apart and reconstructed, but there was no indication of what its use would have been after reconstruction. *Id.* at 354–55. This fact is also not distinguishable. It can be inferred that the work was for the benefit of the corporation since the cleared land was to be used for the corporation. *Id.* at 354. In *Oliver,* the owner inspected the shed prior to its dismantling. *Id.* at 355. This fact is self-defeating to the Rosalie Welborn defendants. The inspection in *Oliver* would have gone to meeting the duty owed to an invitee. *Id.* at 358. The lack of inspection in this suit does not fulfill the duty of the property owner.

Another attempt at distinction deals with the fact that the shed in *Oliver* was geographically separate (approximately one-half mile) from the place of work. *Id.* at 354. In the case at hand, the properties were adjacent, but all of the property was owned by Rosalie Welborn with Electro–Motor leasing its parcel. The fact that Electro–Motor was responsible for the trailer home on Rosalie Welborn's private property does not in itself distinguish her from the duties of a property owner. Rosalie Welborn and Electro–Motor had a mutual interest in the work being done by Burkett. He was thus entitled to invitee status by the standard set in *Oliver.* *Id.* at 358.

The Rosalie Welborn defendants finally attempt to distinguish *Oliver* by pointing out that there was no finding that the defendant/property owner in *Oliver* was also the plaintiff's co-employee. However, the absence of any such finding is immaterial. There, the defendant/property owner's liability to the invitee employee, like Rosalie Welborn's premise liability to Burkett in the present case, was based on a property owner's responsibility to an invitee. In both *Oliver* and this case, the corporation/employer would not be responsible for the acts or omissions of the defendant as a landowner, regardless of whether the defendant was also a co-employee.

The Rosalie Welborn defendants refer this Court to the recent Texas Supreme Court case of *Coastal Marine Serv. of Texas, Inc. v. Lawrence,* 988 S.W.2d 223 (Tex.1999). As pointed out in that case, there are two subcategories under the premises defect theory of premises liability. *Id.* at 225. The first category regards defects existing on the premises upon entry, and the second category deals with defects created by the work activity of the independent contractor. *Id.*

Under the first category, the property owner has a duty to inspect the premises and warn of dangerous conditions that are not open and obvious and the owner knows or should have known to exist. *Id.* Only concealed hazards that exist on entry fall into this category. *Id.* The burned-out trailer would not likely fall into the category of concealed hazards.

Under the second category, the Texas Supreme Court has stated that the owner typically owes no duty to the employees of an independent contractor, because there is no duty to ensure that an independent contractor performs its work in a safe manner. *Id.* A property owner may be liable if the owner retains the right of supervisory control over the work done on the premises. *Id.* at 225–26. This right of control must be more than a general right to stop, start, or inspect. *Id.* at 226. The control must relate to the activity that actually caused the injury and grant the owner, at least, the power to direct the order in which work is done or the power to forbid it from being done in an unsafe manner. *Id.* A possibility of control is not evidence of a "right to control" that is actually retained or exercised. *Id.* A party can prove "right of control" by contractual agreement or by evidence that the property owner actually exercised control over the job. *Id.*

The decision in *Lawrence* on the second category of defects created by the work done by an independent contractor is distinguishable since there was no independent contractor involved in the instant case. Rosalie Welborn gave instructions to Leslie Welborn to clean and salvage the trailer area. She did this as an employee of Electro–Motor. All parties involved acted as employees of Electro–Motor. Burkett was injured performing the work for Electro–Motor, which was conducted on the premises of Rosalie Welborn. There was no independent contractor.

Even assuming that the *Lawrence* decision applied in this situation, there is factual evidence to create a dispute. The facts do indicate that Rosalie Welborn did not actively supervise the work on the trailer. Her involvement ceased at the directive to Leslie Welborn. However, a "foreman" who supervises has the same duty as would an independent contractor. *See Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 528 (Tex.1997). Even if *Lawrence* is applicable, it could be found that Leslie Welborn retained supervisory control in place of Rosalie Welborn. The granting of the summary judgment motion was improper on the issue of premises-related liability.

For the foregoing reasons, we affirm the summary judgment on the negligence claims made by the Burketts against the Rosalie Welborn defendants and Leslie Welborn, but we reverse the summary judgment granted the Rosalie Welborn defendants on the issue of premises-related liability. We sever the premises liability issue and remand it to the trial court for further proceedings.