TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-01-00108-CV

David Rodriguez and Peggy Rodriguez, Appellants

v.

Round Rock Independent School District, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT

NO. 99-605-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING 

PER CURIAM

 By letter of March 14, 2001, this Court questioned its jurisdiction over this appeal. 
Appellants David Rodriguez and Peggy Rodriguez subsequently filed a motion for extension of
time to file their notice of appeal. Tex. R. App. P. 26.3. Appellee Round Rock Independent
School District has moved to dismiss the appeal for want of jurisdiction based on appellants'
untimely notice of appeal. All parties having had ten days to respond, we will dismiss the appeal
for want of jurisdiction. Tex. R. App. P. 42.3(a).

 The trial court signed its final judgment on August 15, 2000. Appellants filed a
motion for new trial September 7, 2000. The notice of appeal was due November 13, 2000, with
any motions for extension due November 28, 2000. Tex. R. App. P. 26.1(a)(1) (ninety days after
judgment signed); 26.3 (extension due within fifteen days of deadline). Appellants did not file
their notice of appeal until March 2, 2001. Appellants argue that, under the circumstances of their
case, the timetable to perfect appeal ran from the date of the trial court's overruling of their
motion for new trial, which occurred February 1, 2001. Appellants rely on Torres v. Western
Casualty & Surety Co., 839 S.W.2d 101, 104 (Tex. 1970). However, Torres is based on rules
that have been repealed. At the time of Torres, Texas Rule of Civil Procedure 356 governed the
time to perfect appeal. At that time, the rule provided that, in order to perfect an appeal, a bond
for costs must be filed with the clerk within thirty days after the date of rendition of judgment or
order overruling motion for new trial. Tex. R. Civ. P. 356, Historical Note (since repealed). 
Since 1986, the rules of appellate procedure began the timetable for perfecting appeal from the
date of the signing of judgment. Therefore, the timetable for perfecting this appeal began the date
the judgment was signed, that is, August 15, 2000, and the notice of appeal was due ninety days
later, or November 13, 2000. Any motion for extension of time was due by November 28, 2000. 
See Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995); Weik v. Second Baptist
Church of Houston, 988 S.W.2d 437, 438 (Tex. App.--Houston [1st Dist.] 1999, pet. denied). 
Because the notice of appeal was not filed until March 2, 2001, the notice of appeal and motion
for extension were untimely.

 We overrule appellant's motion for extension of time to file the notice of appeal
and grant appellee's motion to dismiss the appeal.

Before Justices Kidd, B. A. Smith and Puryear

Dismissed on Appellee's Motion

Filed: April 5, 2001

Do Not Publish