**Opinion issued May 6, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-13-00719-CV**

————————————

**DECARLOS GARRETT, Appellant**

**V.**

**RHONDA E. LERIBEUS AND CHARLES W. LERIBEUS, Appellees**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 18903**

---

**MEMORANDUM OPINION**

Appellant, DeCarlos Garrett, attempts to appeal from the trial court's judgment signed February 25, 2004. We dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is

extended to 90 days after the date the judgment is signed if, within 30 days after the judgment is signed, any party files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *Id*.; TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within 15 days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed the final judgment on February 25, 2004. Comfort Inn, a party to the judgment below but not to this appeal, timely filed a motion for new trial on March 19, 2004 and a notice of appeal on May 24, 2004.[1] *See* TEX. R. APP. P. 26.1(a)(1); TEX. R. CIV. P. 329b. Therefore, Garrett's notice of appeal was due by June 7, 2004. *See* TEX. R. APP. P. 25.1(c), 26.1(a), (d).

Garrett untimely filed his notice of appeal on August 20, 2013. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See*

---

[1] Appellant was not a party to the appeal filed by Comfort Inn. *See Jai Jalaram Lodging Grp., L.L.C. v. Leribeus*, 225 S.W.3d 238, 241 (Tex. App.—El Paso 2006) ("Beerien Crouch and DeCarlos Garrett were later added as defendants to the suit, but are not parties on appeal.").

TEX. R. APP. P. 25.1; *see also Guerrero v. Mem'l Turkey Creek, Ltd.*, No. 01-09-00237-CV, 2011 WL 3820841, at \*2 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (dismissing attempted appeal by party who failed to timely file notice of appeal, despite co-appellant's notice of appeal); *Thomas v. Thomas*, 917 S.W.2d 425, 431 (Tex. App.—Waco 1996, no writ) ("However, we do not have jurisdiction over a co-appellant who files a *separate* late bond that does not amend a prior timely appeal bond."); *Ramirez v. Pecan Deluxe Candy Co.*, 839 S.W.2d 101, 104 (Tex. App.—Dallas 1992, writ denied) ("The appellate court has no jurisdiction over attempted appeals by co-appellants who have not timely filed a bond.").

On February 5, 2014, we notified Garrett that his appeal was subject to dismissal for want of jurisdiction unless, by February 18, 2013, he filed a response showing grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a). Garrett failed to file an adequate response.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.