Steve N. **LONG**, Appellant,

v.

Gregory **TURNER**, Appellee.

No. 08–93–00013–CV.

Court of Appeals of Texas, El Paso.

Dec. 8, 1993.

Rehearing Overruled Feb. 9, 1994.

Steve Spurgin, County Atty., Fort Stockton, for appellant.

William W. Clifton, Jr., Miles R. Nelson, Dick R. Holland, Boldrick, Clifton, Nelson & Holland, Midland, for appellee.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

KOEHLER, Justice.

This summary judgment appeal involves the question of whether the Appellant was injured while working within the course and scope of his employment so that his negligence suit against his supervisor is barred by the exclusive remedy provision of the Texas Workers' Compensation Act and by the election of remedies doctrine. In this case, Steve Long, Appellant, sued his supervisor Gregory Turner, Appellee, for personal injuries sustained while Long was working at a drilling site for Gene Sledge Drilling Company, the employer of both parties. The trial court granted summary judgment for Turner, and this appeal ensued. We affirm.

## RELEVANT FACTS

Long alleged that on September 23, 1991, Turner requested Long to clean out Turner's automobile. The automobile in question was used to transport employees of the Company to and from the site. Long further alleged that he was shot and seriously injured on the job site by a gun that Turner had left in the car; he averred that the cause of his injury was Turner's negligent acts primarily in keeping a loaded firearm in his (Turner's) automobile and in failing to warn him of its presence. Long filed for and received workers' compensation benefits for his injury from the Company's compensation carrier. While still receiving compensation, he brought this suit against Turner to recover damages for the same injury.

In his motion for summary judgment, Turner urged that Long's claim against him was barred by the exclusive remedy provisions of the Texas Workers' Compensation Act, TEX. REV.CIV.STAT.ANN. art. 8308–4.01 (Vernon Supp.1993) and by the doctrine of election of remedies. The trial court granted the mo-

tion and entered a final judgment without specifying the grounds.

## THE APPEAL AND STANDARD OF REVIEW

 In a single point of error, Long asserts that the trial court erred in granting Turner's motion for summary judgment. The general standards of review for summary judgments, as set forth in *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985), are well known and need not be repeated in this case. For a defendant/movant to prevail on a motion for summary judgment, he must either disprove at least one element of the plaintiff's theory of recovery or plead and conclusively establish each element of an affirmative defense which would defeat plaintiff's cause of action. *Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 657–58 (Tex.App.—Dallas 1992, no writ); *Traylor v. Unitedbank Orange*, 675 S.W.2d 802, 804 (Tex.App.—Beaumont 1984, writ ref'd n.r.e.). When the summary judgment does not specify the grounds relied upon, it will be affirmed if either of the grounds advanced in the motion in support of the summary judgment is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). Put in another way, the appealing party must show that each of the independent grounds alleged in the motion fails to support the judgment. *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 518 (Tex.App.—Austin 1991, writ denied); *City of Coppell v. General Homes Corp.*, 763 S.W.2d 448, 451 (Tex. App.—Dallas 1988, writ denied); *Southerland v. Northeast Datsun, Inc.*, 659 S.W.2d 889, 891 (Tex.App.—El Paso 1983, no writ).

## ANALYSIS

The first issue before this Court is whether, as a matter of law, Long is limited to receiving workers' compensation benefits for his alleged injuries. The essential question in resolving the dispute is whether, under the doctrine of *respondeat superior*, Turner's alleged negligence would be imputed to his employer aside from the workers' compensation laws.

Long argues on appeal that his claim against Turner is not barred by the exclusive

remedy provision because the alleged tortious acts of Turner in leaving a loaded firearm in the automobile did not occur within the scope of Turner's employment. Arguing further that Turner would not be protected by the exclusive remedy provision unless their mutual employer would be responsible for Turner's conduct under the doctrine of *respondeat superior,* he contends that Turner's summary judgment proof fails to address the issue of whether Turner's negligent acts were done in the course and scope of his employment and would therefore be imputed to the employer. He cites *McKelvy v. Barber,* 381 S.W.2d 59 (Tex.1964); *Ward v. Wright,* 490 S.W.2d 223 (Tex.Civ.App.—Fort Worth 1973, no writ); and *McKinney v. Air Venture Corp.,* 578 S.W.2d 849 (Tex.Civ. App.—Fort Worth 1979, writ ref'd n.r.e.) in support of this position.

▇▇▇ The Texas Workers' Compensation Act was adopted in large part to provide an alternative and exclusive means for compensating employees for injuries sustained in the course of their employment. *Reed Tool Co. v. Copelin,* 610 S.W.2d 736, 739 (Tex.1980); *Paradissis v. Royal Indem. Co.,* 507 S.W.2d 526, 528 (Tex.1974). The immunity of the employer extends to co-employees by virtue of the clear language of Article 8308–4.01.[1] *Godinet v. Thomas,* 824 S.W.2d 632, 633 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Porter v. Downing,* 578 S.W.2d 460, 461 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). Case law interpreting the almost identical language of the "exclusive remedy" provision of the prior Workers' Compensation Act[2] is instructive.

In addressing the meaning of the former "exclusive remedy" statute, the Supreme Court has found that an agent, servant, or employee within the meaning of the statute is ordinarily one for whose conduct the employer would, aside from the Workmen's Compensation Act, be legally responsible under the doctrine of *respondeat superior. McKelvy v. Barber,* 381 S.W.2d at 62. In *McKelvy,* the employee injured his finger on the job and was taken by his employer to the "company doctor" who allegedly was negligent in treating the injury as a result of which tetanus developed, totally and permanently disabling the employee. While the evidence showed that the doctor was paid by the employer for physical exams of its employees, he was paid by the compensation carriers for industrial accident cases which comprised only 15 to 20 percent of his general practice of medicine. Even though he was considered the "company doctor," the evidence did not show that the doctor was under the ultimate control of either the employer or the insurance carrier. Referring to the exclusive remedy provision, the Court said:

> An agent, servant or employee within the meaning of this statute is ordinarily one for whose conduct the employer would, aside from the Workmen's Compensation Act, be legally responsible under the doctrine of respondeat superior.... The injured claimant may thus be entitled to recover in a third-party action even though the defendant would be regarded as the employer's agent for some purposes. An important consideration in such cases is whether the employer had that right to control the physical details as to manner of performance which is characteristic of the relationship of master and servant. [Citation omitted.]

*McKelvy,* 381 S.W.2d at 62. The Court then held that the evidence did not show as a matter of law that the doctor was the agent, servant, or employee of the injured employee's employer or its compensation carrier and he was not therefore entitled to an instructed verdict on that ground. *Id.* at 63.

In *Ward v. Wright,* 490 S.W.2d 223 (Tex. Civ.App.—Fort Worth 1973, no writ), two company employees, while on their lunch

---

1. **Art. 8308–4.01. Exclusive remedy; exemplary damages**
 (a) [A] recovery of workers' compensation benefits under this Act is the exclusive remedy of an employee or legal beneficiary against the employer or an agent, servant, or employee of the employer for the death of or a work-related injury sustained by a covered employee.

TEX.REV.CIV.STAT.ANN. art. 8308–4.01 (Vernon Supp.1993).

2. TEX.REV.CIV.STAT.ANN. art. 8306, § 3 (Vernon Supp.1990), **repealed by** Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7) to (9), eff. Jan. 1, 1991.

hour and not on employer business, were involved in a collision between their respective automobiles as they both were in the process of leaving the company parking lot. The Fort Worth Court of Appeals held that because it was "obvious that the parties' common employer would not, under the Respondeat superior doctrine, have been responsible for the negligence of either of the parties to the automobile collision[,]" the defendant driver was not immune from liability under the exclusive remedy provision (Article 8306, Section 3) and was not therefore entitled to a summary judgment. 490 S.W.2d at 225–26.

*McKinney v. Air Venture Corporation,* 578 S.W.2d 849 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.), relying on *McKelvy,* held that the fact the appellee was the employer of the negligent pilot and was at the time of a plane crash engaged in a joint venture with the employer of appellant's deceased wife (who died in the crash), did not make it the agent of that employer for purposes of the Workers' Compensation Act. The Court concluded that the wife's employer had no control over appellee's plane or its pilot and thus was not responsible for the actions of appellee under the *respondeat superior* doctrine.

The foregoing cases are easily distinguishable from the present case where not only were both parties regular employees of the same employer, but Turner was Long's supervisor and was thus within the scope of his authority, the employer's representative at the drilling site.

■ In order to impose liability upon an employer for the negligence of his employee under the doctrine of *respondeat superior,* the acts of the employee must fall within the scope of the general authority of the employee and must be in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired. *Leadon v. Kimbrough Brothers Lumber Co.,*

484 S.W.2d 567, 569 (Tex.1972); *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354, 357 (Tex.1971); *Langley v. National Lead Co.,* 666 S.W.2d 343, 345 (Tex.App.—El Paso 1984, no writ).

■ In the instant case, Long's First Amended Petition set forth the relevant facts, to wit, "while in the employ of Gene Sledge Drilling Company" Long was asked by Turner to clean out his (Turner's) automobile, which "was used to transport employees of Gene Sledge Drilling Company to and from the drilling site." Factual assertions in a party's pleadings are considered formal judicial admissions, which conclusively establish the facts asserted without the introduction of the pleadings or other evidence. *Houston First Am. Savings v. Musick,* 650 S.W.2d 764, 767 (Tex.1983); *Cearley v. Cross Timbers Production Co., Inc.,* 855 S.W.2d 852, 854 (Tex.App.—El Paso 1993, no writ); *Beta Supply, Inc. v. G.E.A. Power Cooling Systems, Inc.,* 748 S.W.2d 541, 542 (Tex. App.—Houston [1st Dist.] 1988, writ denied). This was sufficient summary judgment proof that Turner's request was in furtherance of his employer's business. Long did not contend in his amended pleadings, his summary judgment response, or in his argument on appeal that it was not within the scope of Turner's authority to transport workers to and from the drilling site or to ask or require him to clean the automobile. Long's argument is that Turner's alleged negligent acts which resulted in Long's personal injury were outside the scope of the employer's business.[3] He contends that an issue was raised in this respect by the affidavit of Fred Rabe, loss control manager of their employer, with attached copies of a memorandum from Gene Sledge dated October 16, 1991, and the company safety rules which among other things, prohibited the bringing of firearms onto company drilling sites or property and warned that violation of the rules was grounds for disciplinary action or dismissal. There is no summary judgment evidence that

---

**3.** Long stated emphatically in his Response to Motion for Summary Judgment:

Clearly, Mr. Turner was not in the course and scope of his employment when he negligently concealed and/or stored his .22 Glenfield bolt action rifle under the front seat of his

car, with a live round in the chamber and the safety mechanism on "off", on September 23, 1991, or in the alternative, a fact issue exists as to whether Mr. Turner was acting in the course and scope of his employment when he negligently acted as set forth above.

these rules were in effect at the time of Long's injuries, but even if they were, a fact issue would not have been raised as to whether Turner's alleged negligent acts were outside the scope of the employer's business for the simple reason that both his request and Long's response with respect to cleaning out the automobile were within the scope of Turner's authority and in furtherance of their employer's business.

■ The general rule is that an employer is liable for the acts of his employee committed within the scope of the employee's authority, in furtherance of the employer's business and in keeping with the object for which the employee was hired. *J.V. Harrison Truck Lines, Inc. v. Larson*, 663 S.W.2d 37, 40 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). An employer may be held liable for the act of his employee, even if the act is contrary to express orders, if it is done within the employee's general authority. *Id.; see Country Roads, Inc. v. Witt*, 737 S.W.2d 362, 364 (Tex.App.—Houston [14th Dist.] 1987, no writ).

The summary judgment evidence in the record leads to the inescapable conclusion that Turner's alleged negligent acts in keeping a loaded firearm in the automobile and failing to warn Long of its presence were imputable to their employer under the doctrine of *respondeat superior* because Turner's request that Long clean out the automobile was within the scope of his authority as Long's supervisor. As result, Turner's affirmative defense of exclusive remedy was conclusively established, barring Long from pursuing his negligence action against Turner. Therefore the trial judge did not err in granting summary judgment.

Judgement of the trial court is accordingly affirmed.