

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00370-CV

_____

KYRA ROBINSON, Appellant

V.

HEIDI BRUEGEL COX, Appellee

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-307492-19

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

## I. Introduction

Appellant, Kyra Robinson sued her coworker, Appellee Heidi Bruegel Cox seeking to recover damages for bodily injuries sustained when Cox's border collie, Jackson, bit her at their workplace. In her petition, Robinson claimed that Cox was strictly liable and grossly negligent. In one issue, Robinson challenges the trial court's granting of Cox's motion for summary judgment. We affirm.

## II. Background

At the time of the incident, both Robinson and Cox worked at the Gladney Center for Adoption in Fort Worth, Texas. Robinson worked as a house parent for the residents of Gladney, and Cox was employed as Gladney's general counsel and executive vice-president.

After Jackson bit Robinson, Robinson filed for and received workers' compensation benefits from Gladney's compensation carrier. And after receiving workers' compensation benefits, Robinson sued Cox to recover damages for the same injury.

In Cox's motion for summary judgment, she argued that Robinson's claim against her was barred by the exclusive-remedy provision of the Texas Workers' Compensation Act. The trial court granted Cox's motion and entered a final judgment without specifying the grounds.

## III. Discussion

Robinson argues on appeal that her claim against Cox is not barred by the exclusive-remedy provision because Cox's alleged tortious act of bringing Jackson to Gladney did not occur within the scope of Cox's employment.[1]

### A. Standard of Review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant must present summary judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex.

---

[1]Robinson's complaint on appeal is limited to whether she raised a fact issue regarding Cox acting in the course and scope of her employment when she brought Jackson to Gladney. Specifically, in her brief Robinson sets out her sole issue as: "Is there a genuine issue of material fact whether Heidi Bruegel Cox was in the course and employment when she brought her dog to work?"

2008).  Once the defendant meets her burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment on the affirmative defense.  *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

## B.  Applicable Law

The Texas Workers' Compensation Act ("the Act") compensates an employee who sustains a compensable injury arising out of and in the course and scope of employment for which compensation is payable under the Act.  Tex. Lab. Code Ann. § 401.011(10).  The Act provides that recovery of workers' compensation benefits is the "exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee."  *Id.* § 408.001(a); *see Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 516 (Tex. 2007) ("The Texas Workers' Compensation Act provides exclusive compensation benefits for the work-related injuries of a subscribing employer's employees.").  Because the remedy provided by the Act is exclusive, an employee has no alternative right of action against his employer, or against an agent or employee of the employer, for injuries sustained in the course and scope of employment.  *See* Tex. Lab. Code Ann. § 408.001(a).[2]  The

---

[2]The only exception to the exclusive-remedy provision is when an employee's death "was caused by an intentional act or omission of the employer or by the employer's gross negligence."  *Port Elevator–Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012).

filing of a claim for benefits waives an employee's right to proceed outside the Act. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 933 (Tex. 1983).

### C. Cox's Summary Judgment Evidence

As evidence in support of her motion, Cox attached the following documents: her sworn affidavit, the sworn affidavit of coworker Jacqueline Teixeira, Robinson's responses to interrogatories and requests for admissions, Robinson's original petition, and Robinson's workers' compensation records.

In her affidavit, Cox stated that on the day of the incident she was a Gladney employee. According to Cox, she had brought Jackson to work with her that day, and on preceding days, because birth mothers and Gladney employees had requested that she do so. Cox stated that Jackson had assisted with counseling sessions by serving as a comfort dog to Gladney's clients.

Teixeira's affidavit averred that on the day in question, she too had been working at Gladney. Teixeira also stated that Cox had brought Jackson to Gladney at the request of residents and staff in order to serve as a comfort dog.

In response to Cox's interrogatories, Robinson conceded that Gladney's workers' compensation insurance had paid for her injury treatment:

> INTERROGATORY NO. 21: Please state whether or not you have ever made a claim against any person, entity or insurance company for personal injuries which did not result in the filing of a lawsuit. If so, then please state the name and address of the person, entity or insurance company, the part of the body which you injured, and when such claim was made and the amount of the settlement.

ANSWER: Workers['] compensation is paying for the medical expenses related to this lawsuit.

Similarly, in response to Cox's requests for admissions, Robinson responded:

REQUEST FOR ADMISSION NO. 28: Admit or deny that you used your workers['] compensation insurance for treatment received as a result of the incident made the basis of this lawsuit.

RESPONSE: Admit.

Robinson's workers' compensation records reflect that Texas Administrative Law Judge Britt Clark found that Robinson was an employee of Gladney on June 12, 2017, and that Gladney provided workers' compensation insurance for Robinson's compensable injuries as a result of the underlying dog bite.

## D. Robinson's Response

Robinson responded by filing an unsworn declaration in which she stated that Cox had served as Gladney's general counsel and executive vice president. She noted that on the day Jackson bit her, Cox had "dropped Jackson off in the kitchen area of the dormitory" at Gladney, and she explained that "[t]he dormitory side [of Gladney] houses the birth mothers." Robinson claimed that Cox had brought Jackson to Gladney because he had been chewing her couch at home. According to Robinson, Jackson "did not do therapy work" for Gladney and did not meet with "children in any kind of official role."

6

### E.  Exclusive-Remedy Provision

On appeal, Robinson acknowledges that her receipt of workers' compensation benefits calls into question the applicability of the Act's exclusive-remedy provision. However, she contends that the exclusive-remedy provision does not extend to her lawsuit against Cox because Gladney was not legally responsible for Cox's act of bringing Jackson to its premises.  Specifically, Robinson asserts that Cox had not been acting in the course and scope of her employment when she brought Jackson to Gladney.  We disagree.

### 1.  Extension of Exclusive-Remedy Provision to Coworkers

Although Section 408.001(a) of the Act extends the exclusive-remedy defense to "an agent or employee of the employer," the Texas Supreme Court, in addressing the predecessor to Section 408.001, has held that an agent or employee within the meaning of the statute "is ordinarily one for whose conduct the employer would, aside from the [Act], be legally responsible under the doctrine of respondent superior." *McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex. 1964); *see also Arnold v. Gonzalez*, No. 13-13-00440-CV, 2015 WL 5109757, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 28, 2015, pet. granted, judgm't vacated w.r.m.) (mem. op.) (noting exclusive remedy provision only extends to coworkers "for whose conduct the employer is legally responsible under the doctrine of respondeat superior"); *Burkett v. Welborn*, 42 S.W.3d 282, 288 (Tex. App.—Texarkana 2001, no pet.) (noting "employee of the employer" under Section 408.001(a) "refers to a co-employee for whose conduct the

7

employer is legally responsible under the doctrine of *respondeat superior*"). In order to impose liability upon an employer for the negligence of an employee under the doctrine of respondeat superior, the negligent act must fall "within the course and scope of [the employee's] employment." *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018); *Grogan v. Elite Metal Fabricators, Inc.*, No. 02-18-00048-CV, 2018 WL 6424216, at *2 (Tex. App.—Fort Worth Dec. 6, 2018, no pet.) (mem. op.).

> The Act defines "course and scope of employment" as
>
> . . . an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer. The term includes an activity conducted on the premises of the employer or at other locations.

Tex. Lab. Code Ann. § 401.011(12). However, an employee or worker need not be engaged in the discharge of any specific, detailed duty to be in the scope of employment under the Act. *See Yeldell v. Holiday Hills Ret. & Nursing Ctr. Inc.*, 701 S.W.2d 243, 245 (Tex. 1985). Moreover, to fall within the scope of an employee's general authority, it is not essential that the negligent act or omission should have been expressly authorized by the employer so long as it is in "furtherance of the employer's business and for the accomplishment of the object for which the employee [is employed]." *Painter*, 561 S.W.3d at 132. Finally, it should be noted that the "Workmen's Compensation Law should not be hedged about with strict construction,

8

but should be given a liberal construction to carry out its evident purpose." *Southern Surety Co. v. Shook*, 44 S.W.2d 425, 427 (Tex. Civ. App.—Eastland 1931, writ ref'd).

### 2. Application

To successfully establish the exclusive-remedy defense, Cox was required to prove that her bringing Jackson to work on the day Jackson bit Robinson, was "an activity of any kind or character that had to do with and originated in" Gladney's work, business, trade, or profession and was performed by Cox in furtherance of Gladney's business. *Leordeanu v. Am. Prot. Ins.* 330 S.W.3d 239, 243–44 (Tex. 2010), *see also Long v. Turner*, 871 S.W.2d 220, 224–25 (Tex. App.—El Paso 1993, writ denied) (holding exclusive-remedy defense was conclusively established where summary judgment evidence led to the inescapable conclusion that coworker's negligent act was within scope of his authority and in furtherance of employer's business).

Applying the "course and scope" analysis to the facts in this case, and taking as true all evidence favorable to Robinson, resolving all conflicts in the evidence in her favor, and indulging every reasonable inference and resolving all doubts in Robinson's favor, we consider whether Cox established that her act of bringing Jackson to Gladney met the legal standard for "course and scope of employment," as that has been defined and interpreted. In doing so, we must determine whether bringing Jackson to Gladney was an activity of any kind or character that had to do with and originated in the work, business, trade, or profession of Gladney and whether the act

was performed by Cox in furtherance of Gladney's business. Robinson did not challenge the following summary judgment evidence:

- Gladney provides dormitory style housing to pregnant women who plan to give up their babies for adoption;

- Gladney provides counseling to the pregnant women;

- Cox dropped Jackson off in Gladney's dormitory area where the birth mothers reside;

- Birth mothers and other employees at Gladney asked Cox to bring Jackson there to assist as a comfort dog;

- Cox believed that Jackson's presence helped ease the anxiety of Gladney's residents; and

- Jackson sometimes sat in the office with employees.

Gladney's purpose is to provide a home and counseling to pregnant women who plan on giving up their babies for adoption. Because Cox brought Jackson to Gladney at the request of the birth mothers who resided there, Cox's act in bringing Jackson to Gladney was an activity that had to do with and originated in Gladney's business. Additionally, Cox believed that Jackson would assist with the residents' counseling sessions in furtherance of Gladney's purpose to provide counseling to the pregnant women. Accordingly, the summary judgment evidence establishes that Cox's action in bringing Jackson to Gladney was an activity that "had to do with" and "originated" in Gladney's business and was also an activity "performed" by Cox in "furtherance" of Gladney's business. *See Yeldell,* 701 S.W.2d at 245 (holding employee

10

in course of his employment may perform acts incidental to employee's service and injuries sustained while doing so arise in course and scope of employment); *Surety*, 44 S.W.2d at 427 (holding if terms of contract of employment requires workman to sleep on premises of employer, he is performing services having to do with and originating in business of employer while he is on premises, even when off active duty). Therefore, because Cox presented summary judgment evidence that conclusively established her affirmative defense, the burden shifted to Robinson to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc.*, 899 S.W.2d at 197.

Robinson's statements that Jackson "did not do therapy work for Gladney" or "meet children in any kind of official role," does not suffice to raise a fact issue about whether Cox was acting in the course and scope of her employment when she brought Jackson to Gladney that day. Robinson does not dispute Cox's and Teixeira's statements that birth mothers and other Gladney employees had asked Cox to bring Jackson to Gladney to assist as a comfort dog. Moreover, even if Cox had brought Jackson to Gladney because "he was chewing up her couch at home," that fact does not negate Cox's statement that the birth mothers and other Gladney employees had asked her to bring Jackson to Gladney to assist as a comfort dog. And finally, although Jackson may not have been assigned an "official role" at Gladney, Robinson does not contradict Cox's statement that she believed Jackson would assist the residents as a comfort dog.

11

Because Cox's proof conclusively established that she was within the course and scope of her employment at the time Robinson was injured, and Robinson's summary judgment evidence did not raise a fact issue on this point, we hold that Cox established as a matter of law that she was a Gladney employee for purposes of the exclusive remedy defense.  Accordingly, we overrule Robinson's sole issue.

## VI.  <u>Conclusion</u>

Having overruled Robinson's sole issue, we affirm the trial court's judgment.


/s/ Bonnie Sudderth


Bonnie Sudderth
Chief Justice

Delivered:  December 3, 2020