RAINBOW HOME HEALTH, INC. and
Cheryl Williams, Appellants,

v.

Ronald SCHMIDT and Schmidt
& Davis, P.C., Appellees.

No. 04–01–00348–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 13, 2002.

Rehearing Overruled March 6, 2002.

Gary F. DeShazo, Gary F. DeShazo & Associates, Austin, for appellants.

Edward C. Mainz, Jr., Vaughan E. Walters, Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, for appellees.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, and PAUL W. GREEN, Justice.

ALMA L. LÓPEZ, Justice.

This is an appeal from the trial court's order dismissing the case for want of prosecution. Appellants raise three issues: (1) whether the trial court erred in dismissing the case for want of prosecution; (2) whether the trial court erred in failing to hold a hearing on Appellants' motion for reinstatement; and (3) whether the trial court erred in failing to reinstate the case. For the reasons stated below, we conclude that the trial court did not abuse its discretion in dismissing the matter and in failing to reinstate the case. We also hold that trial court did not err in failing to hold a hearing on Appellant's motion for reinstatement.

## Background

This case is a legal malpractice suit which was first filed on December 13, 1998, by Appellants Rainbow Home Health, Inc. and Cheryl Williams (hereinafter "Appellants"). Appellants filed a First Amended Petition in February 1999. In February 2001, Appellants filed a motion to retain after receiving notice from the trial court that the matter would be set on the dismissal docket. The notice is not included in the record nor is there any reporter's record of a hearing on the motion to retain. The trial court entered an order of dismissal on February 27, 2001, approximately two years and two months after the case was first filed. The dismissal was without prejudice. In response, Appellants filed a timely motion to reinstate pursuant to Tex.R. Civ. P. 165a(3). The court failed to rule on the motion and the motion was overruled by operation of law. *See* Tex.R. Civ. P. 165a(3).

Cheryl Williams ("Williams"), Cruz Garza, Fran McLaughlin and Victoria Short were shareholders in an entity, Rainbow Home Health, Inc. ("Rainbow"), which provided home health services. Ac-cording to Appellants' pleadings below, a dispute occurred between Williams and Garza on the one hand and McLaughlin and Short on the other. Rainbow hired Appellees to represent it during the dispute. Williams eventually filed a shareholder derivative suit against McLaughlin, Short and Rainbow in 1995. Appellees represented McLaughlin, Short and Rainbow in that lawsuit until they were disqualified by the trial court. The instant matter is a result of Appellants' allegations that Appellees represented McLaughlin, Short and Rainbow to the detriment of Rainbow during the dispute and the lawsuit.

In the trial court below, Appellants' motion to retain asserted one reason for failing to prosecute the matter—the death of Williams' husband. This motion was denied by the trial court's entry of an order of dismissal. In their motion for reinstatement, Appellants offered other reasons for the delay in prosecuting the matter. By affidavit and attached exhibits, Appellants' counsel attested to (1) the financial problems that Williams experienced as a result of her husband's death in June 1999; (2) a letter from Appellants's counsel to Appellees' counsel requesting and recommending deposition dates for Appellees which was never responded to; and (3) a letter from Appellants to a prospective expert enclosing responses to certain discovery. Appellants' counsel also attested that the expert was not retained due to the financial problems of the client. Finally, he attested that he was "distracted by three major suits" during 2000.

## Standard of Review

 A trial court's ruling on a motion to dismiss and the overruling of a motion to reinstate are reviewed under an abuse of discretion standard. *See MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex.1997); *Ram-*

*part Capital Corp. v. Maguire,* 974 S.W.2d 195, 197 (Tex.App.-San Antonio 1998, pet. denied); *Christian v. Christian,* 985 S.W.2d 513, 514 (Tex.App.-San Antonio 1998, no pet.) An abuse of discretion with respect to factual matters occurs if the record establishes that the "trial court could reasonably have reached only one decision." *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992); *Christian,* 985 S.W.2d at 514. The question is whether the trial court acted without reference to any guiding rules and principles, or whether the act was arbitrary or unreasonable. *See MacGregor,* 941 S.W.2d at 76. Because the record does not contain findings of fact and conclusions of law and no basis for the dismissal is specified in the order, the court must affirm on the basis of any legal theory supported by the record. *Rampart Capital Corp.,* 974 S.W.2d at 197; *City of Houston v. Thomas,* 838 S.W.2d 296, 297 (Tex.App.-Houston [1st Dist.] 1992, no writ).

### Dismissal for Want of Prosecution

█ There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial pursuant to TEX.R. CIV. P. 165a(1); (2) when the case has not been disposed of within the Supreme Court's time standard pursuant to TEX.R. CIV. P. 165a(2); and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due diligence. *See Villarreal v. San Antonio Truck & Equipment,* 994 S.W.2d 628, 630 (Tex.1999). Here, the failure to appear is not a possible ground to affirm the order. While there is no record from the hearing, there is no allegation and there is no evidence that Appellants failed to appear for the hearing. Therefore, the Court must decide if the trial court's order of dismissal is supported by two other bases (1) the failure to prosecute the case with diligence or (2) the failure to

dispose of the case within the Texas Supreme Court's standard. Because we conclude that the trial court did not abuse its discretion in dismissing the case for failure to prosecute with due diligence, we do not address whether the dismissal was proper for failing to comply with the Texas Supreme Court's time standard.

█ Whether a plaintiff has prosecuted a case with diligence is generally a question of fact. *See MacGregor,* 941 S.W.2d at 75–76; *Christian,* 985 S.W.2d at 515. In determining whether due diligence exists, the trial court may consider the entire history of the case. *See Christian,* 985 S.W.2d at 514–15. The traditional factors that may be considered are (1) the length of time the case was on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuse for delay. *Id.* No single factor is dispositive. *Id.*

█ The record reflects that at the time Appellants filed their motion to retain, the instant matter had been on file for approximately twenty-six months. The record fails to reflect that any substantive activity was initiated by the Appellants on the matter between March 1999 and February 2001 when the court set it for dismissal. In their motion to retain, Appellants alleged that discovery had occurred in January 1999 and Appellants had responded to Appellees' discovery in March 1999. However, this effectively left a period of twenty three months in which little to no activity had occurred on the case. The sole excuse offered by Appellants for the lack of activity on the case was that Williams "was unable for a substantial period of time to continue with the lawsuit" as a result of her husband's death. Assuming that Appellants were trying to imply to the trial court that Williams lacked financial ability

to prosecute this case, such an excuse is not reasonable. This Court has previously held that a client's inability to pay is not a sufficient excuse. *See Christian*, 985 S.W.2d at 515–16. For these reasons, we hold that the trial court did not abuse its discretion in dismissing the case.

## Motion for Reinstatement

Appellants raise two issues with respect to reinstatement (1) that the court erred in failing to hold a hearing on their motion for reinstatement and (2) that the trial court abused its discretion in failing to reinstate the case.

■ Appellants contend TEX.R. CIV. P. 165a(3) requires the trial court to set a hearing where a timely motion has been filed. Appellants are correct and rely upon the Texas Supreme Court opinion of *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex.1991), which held that a hearing under Rule 165a(3) is mandatory. In *Thordson*, the appellant had properly requested a hearing on his motion to reinstate. *See id.* at 550; *also Gulf Coast Inv. Corp. v. Nasa I Business Center*, 754 S.W.2d 152, 153 (Tex.1988) (stating hearing on motion to reinstate required where appellant had properly requested hearing). Appellees contend that Appellants waived their right to complain of a lack of hearing on the basis that Appellants failed to call to the trial court's attention the need for a hearing. *See Cabrera v. Cedarapids, Inc.*, 834 S.W.2d 615, 618 (Tex.App.-Houston [14th Dist.] 1992, writ denied) (holding that before trial court error can be found in the failure to set a hearing on a motion to reinstate the movant must request a hearing). We agree with Appellees.

A review of the record reflects that the preamble to Appellants' motion specifically states Appellants "move[ ] for reinstatement of their claims pursuant to Rule 165a of the Texas Rules of Civil Procedure, *move[ ] for a hearing on said motion* and file[ ] this brief in support of said motion...." (Emphasis added). However, there is no evidence in the record that Appellants filed a fiat, sent a letter, or made some other communication to the trial court in which they requested a hearing on the motion. As such, there was no mechanism by which to call to the trial court's attention the need for a hearing. *See Cabrera*, 834 S.W.2d at 618–19; *Kelly v. Cunningham*, 848 S.W.2d 370, 371 (Tex. App.-Houston [1st Dist.] 1993, no writ) (stating that a party may not lead a trial court into error and then complain about it on appeal). Under these circumstances, we conclude that the trial court did not err in failing to conduct a hearing on Appellants' motion for reinstatement. Accordingly, we overrule Appellants' second issue.

In their motion for reinstatement, Appellants offered more substantive reasons to show why the trial court should have reinstated the matter, including providing a chronology of the activity on the case, an affidavit of Appellants' counsel regarding factors affecting prosecution, and correspondence to support Appellants' activities. This evidence was offered by Appellants for the purpose of showing that its failure to prosecute the matter was not intentional or the result of conscious indifference. *See* TEX.R. CIV. P. 165a(3).

■ This court and others have previously held that the standard for reinstating a case under Rule 165a(3) applies only to dismissals for failure to appear at a trial or other hearing. *See Ozuna v. Southwest Bio–Clinical Laboratories, Inc.*, 766 S.W.2d 900, 903 (Tex.App.-San Antonio 1989, writ denied); *also Goff v. Branch*, 821 S.W.2d 732, 733 (Tex.App.-San Antonio 1991, writ denied); *Burton v. Hoffman*, 959 S.W.2d 351, 354 (Tex.App.-Austin 1998, no pet.). In cases where the matter as

been dismissed for want of prosecution, we look to whether a party has prosecuted the matter with due diligence.

 The chronology provided by Appellants reflected case activity in 1999. In his affidavit, Appellants' counsel attested that it was in July 1999 that he was informed of Williams' husband's death and of the uncertainty of "how she would proceed with personal and financial matters" as a result of his death. As a consequence, Appellants' counsel took no further action on the matter until October 1999. However, the record reflects little, if any, activity on the matter once counsel decided to proceed in October 1999. While there is evidence that Appellants' counsel sent a letter to opposing counsel in that month requesting deposition dates, there is no other evidence presented by Appellants whether there was any follow-up to this request. Appellants also sent correspondence in November 1999 to a potential expert asking him to review the matter. Appellants stated the expert did not respond under February 2000. Once again, there is no evidence to show what, if anything, was done with the opinions and conclusions of this expert in February of 2000. Finally, there is little to no evidence of the activities Appellants engaged in to prosecute the case through 2000 and 2001. Appellants' counsel attested that his participation in other cases and his mistaken belief that his client was experiencing financial troubles as a result of her husband's death contributed to the delay in prosecuting the matter. However, Appellants' counsel conceded that the other cases he was working on did not "prevent[ ] him from proceeding on [this] case." Further, as noted above, whether based on mistaken or true belief, the financial ability of Williams was not a sufficient excuse to justify counsel's delay in prosecuting the matter. *See Christian*, 985

S.W.2d at 515–16. Given these circumstances, we cannot hold that the trial court abused its discretion in failing to reinstate the case. We overrule Appellants' third issue.

### Conclusion

For the reasons stated above, we overrule Appellant's issues on appeal and affirm the trial court's order of dismissal.