# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00303-CV

**Joseph E. Boullt, Appellant**

**v.**

**Joe Smith, Jack Doe and Johnson Equipment Company, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. GN1-02205, HONORABLE SCOTT A. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After *pro se* appellant Joseph E. Boullt was injured during the course of his employment by Johnson Equipment Company, he filed suit against Johnson Equipment, his supervisor, Joe Smith, and Johnson Equipment's "San Antonio representative," Jack Doe. Boullt complained of the working conditions and medical care provided, alleged violations of his constitutional rights, and sought damages for pain, suffering, and intentional infliction of emotional distress. Appellees moved for partial summary judgment, asserting that the cause fell within the jurisdiction of the Workers' Compensation Commission and that Boullt had not exhausted his administrative remedies. Appellees further asserted that Boullt's intentional tort claims were not recoverable under the Texas Labor Code. The trial court granted appellees' motion for partial

summary judgment and later signed an order dismissing Boullt's remaining claims for want of prosecution. Boullt, who was incarcerated during the trial court proceedings and most of the time this cause has been pending on appeal and who represents himself *pro se*, appeals from the partial summary judgment and dismissal of his remaining claims. We affirm in part and reverse the order in part, remanding the cause for further proceedings.

## Factual and Procedural Background

According to Boullt's allegations, he was employed by Johnson Equipment out of San Antonio in 1999. Boullt and Smith, his supervisor, were assigned to a project at Dell Computer in Austin. As part of his assignment, Boullt had to pass through security checkpoints on the jobsite. Boullt, who was wanted by the police for parole violations, feared that his status would be discovered if the security information was reviewed. He explained his concerns to Smith, who told Boullt not to worry and to keep quiet about the outstanding warrant.

In August 1999, Smith stripped some electrical wires and inserted them into an extension cord in an attempt to raise a piece of equipment. As Boullt reached under the equipment, the wires shifted and the equipment slammed down onto Boullt's hand, giving Boullt an electrical shock and amputating the ends of his fingers. Smith and Boullt went to the emergency room, where Boullt's fingers were reattached. According to Boullt, Smith deliberately failed to report the accident because he did not want anyone at Dell to learn of the accident. Smith then drove Boullt to San Antonio and called Doe, a Johnson Equipment representative.[1] The day after the accident,

---

[1] When he filed his petition, Boullt did not know Doe's last name. At some point in the litigation, it became known that Doe's last name was Forcucci. Because the orders signed by the

2

Boullt spoke to Doe, who said Johnson Equipment did not want to file a worker's compensation claim on the accident because it would tarnish the company's good record of workplace safety. Boullt explained that he had a follow-up appointment in Austin in one week to examine his stitches and clean the wound, but because Doe refused to file a claim, Boullt could not pay for and was unable to make the appointment. After Boullt threatened to call Michael Dell, the president of Dell Computer, and disclose the accident, Doe filed a worker's compensation claim, and Boullt was able to get treatment. During the delayed filing of a worker's compensation claim, Boullt twice had to go to the emergency room for treatment of his wound. Boullt alleged that after he forced the filing of a worker's compensation claim, Doe began taking steps to have Boullt's parole revoked, and that on more than one occasion Smith told Boullt not to come to Smith's office because Doe had called the police to arrest Boullt. Boullt also alleged that Johnson Equipment sought to have Boullt's compensation reduced. In December 1999, Boullt arrived at the Commission's offices for a benefits review and was met by police officers, who arrested him for parole violations.

Boullt sued appellees, alleging that Smith knew or should have known that Dell had a policy prohibiting ex-felons from working on its property and that Smith therefore committed dishonest business practices and violated the Dell contract by allowing Boullt to work on the project. Boullt also alleged that Smith knew or should have known that his attempt to raise the piece of equipment was dangerous and a safety violation, and that Smith's conduct caused Boullt's injury. Boullt alleged that Doe deliberately delayed and tried to deny Boullt the medical treatment he

trial court continued to refer to him as Doe, we will refer to Forcucci as Doe.

required and did so pursuant to company policies and practices that sought to minimize insurance benefits at the expense of the employees. Boullt alleged that Doe's and Johnson Equipment's delay in providing Boullt medical treatment amounted to the intentional infliction of pain, suffering, and emotional distress, and that appellees together violated Boullt's constitutional and statutory rights. Boullt specifically stated that he was not seeking worker's compensation benefits and instead was suing for appellees' negligence and wrongful acts.

In February 2002, appellees filed a motion for partial summary judgment, arguing that they were entitled to judgment as a matter of law on Boullt's claims for negligence and intentional torts and any damages that could be covered by the Workers' Compensation Act. Appellees noted that the Commission has exclusive jurisdiction over any work-related injury suffered by an employee covered by workers' compensation insurance until the employee exhausts his administrative remedies. Appellees argued that Boullt accepted worker's compensation benefits and did not exhaust his administrative remedies or seek judicial review pursuant to the Act. Therefore, appellees argued, the district court had no jurisdiction over Boullt's claims for damages within the Commission's and the Act's jurisdiction—damages for medical bills, lost wages, or lost earning capacity. Appellees sought judgment on Boullt's claims for negligent or intentional tort claims on the grounds that such claims fell within the Act's exclusive jurisdiction or were barred by Boullt's decision to seek worker's compensation benefits.

In March 2002, Boullt requested a 180-day continuance or delay of the hearing on appellees' motion for summary judgment, stating that he was incarcerated and could not respond in

4

time for the hearing.[2]  On March 20, the trial court granted appellees' motion for partial summary judgment, dismissing Boullt's claims for negligence and intentional torts against all three appellees, and on April 10, Boullt filed a notice of appeal.  In early 2003, this Court realized that the clerk's record on file did not contain a final and appealable order.  Upon reading a notation in the trial court's docket notes that stated that a dismissal order had been entered, this Court requested a supplemental clerk's record containing the dismissal order.  The clerk of the trial court then notified this Court that the dismissal had been entered in error and that there was no final order in the cause.  In late March, this Court notified the parties that there was no final judgment, and on April 9, the appellees filed a motion to dismiss Boullt's remaining claims for want of prosecution.  On April 21, the same day Boullt filed a response and an amended petition, the trial court dismissed the cause for want of prosecution.  Once there was a final and appealable order, this Court considered Boullt's notice of appeal as prematurely filed and allowed him to file a supplemental brief.

In his original appellate brief, filed before the trial court dismissed his remaining claims, Boullt argues that appellees' negligence caused his injuries and violated laws governing worker safety and that the trial court erred in granting appellees' motion for summary judgment.  In his supplemental brief, Boullt attacks the trial court's order dismissing his remaining claims, arguing that he had acted with diligence in pursuing his claims and that he was induced into any failure to prosecute by a clerical mistake in the trial court.  Boullt further alleges that he did not receive the

---

[2] Boullt requested that if the trial court decided to go forward with the hearing, the trial court issue a bench warrant so that he could participate in the hearing.  The record does not reflect that the trial court ruled on Boullt's request for a bench warrant.

required notice and that the trial court erred in refusing to grant his motion to reinstate, denying his requests for a bench warrant and for appointed counsel, and in dismissing his claims with prejudice.

## Standard of Review

A motion for summary judgment is properly granted only when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). A defendant seeking summary judgment must negate as a matter of law at least one element of each of the plaintiff's causes of action or plead and prove as a matter of law each element of an affirmative defense. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). We will make all reasonable inferences, resolve all doubts, and view the evidence in the light most favorable to the nonmovant. *Id.*

## Right to an Appointed Attorney

Throughout this proceeding, both before the trial court and on appeal, Boullt has requested a court-appointed attorney and has complained about the trial court's failure to do so. The right to a court-appointed attorney is generally reserved for criminal or quasi-criminal proceedings. *See* U.S. Const. amend. VI; *Ex parte Gonzales*, 945 S.W.2d 830, 835-36 (Tex. Crim. App. 1997). A *pro se* party to a civil suit, whether incarcerated or not, is entitled to an appointed attorney only under very limited circumstances. *See Thomas v. Anderson*, 861 S.W.2d 58, 60-61 (Tex. App.—El Paso 1993, no writ) (observing that "trial court is statutorily authorized to appoint counsel in civil cases in a very limited number of situations" and holding, "We decline to recognize an inherent

discretionary power in the courts to appoint counsel in any situations not authorized by statute or by the rules of procedure."). Therefore, it was not error for the trial court to refuse to appoint an attorney to represent Boullt.

### Dismissal of Boullt's Claims of Negligence and Intentional Torts

Boullt alleged that due to unsafe working conditions he was injured during the course of his employment and that appellees failed to provide him prompt and adequate medical care. Appellees argued that Boullt's acceptance of worker's compensation benefits barred his common law claims for negligence or intentional torts against appellees. Boullt alleges the following errors in the trial court's granting of summary judgment: (1) Boullt established appellees' negligence as a matter of law; (2) Boullt established "negligence per se"; (3) Boullt was no longer receiving workers' compensation and the file had been closed and, therefore, he had no further administrative remedies available; and (4) appellees conspired to defraud the courts and acted in bad faith throughout the history of the case. Boullt argues that because he was not seeking further worker's compensation benefits, any defense based on the Act should not apply.

If an employee is injured during the course of his employment, the Workers' Compensation Act provides his sole remedy, and he may not sue his employer for common law liability for negligence or even gross negligence. *Walls Reg'l Hosp. v. Bomar*, 9 S.W.3d 805, 806-07 (Tex. 1999); *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 412 (Tex. 1989); *see* Tex. Lab. Code Ann. § 408.001 (West 1996). An employer may be liable for intentional torts committed by one employee against another, but "intent" is narrowly defined as a desire to cause a harmful

7

consequence or a belief that such harm is substantially certain to result, *Rodriguez*, 763 S.W.2d at 412 (citing *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985)), and the employer itself must generally be shown to have some involvement in the injury. *See Reed Tool*, 689 S.W.2d at 406; *Urdiales v. Concord Techs. Del., Inc.*, 120 S.W.3d 400, 406-07 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). An intentional failure to provide a safe workplace does not amount to intentional injury unless the employer believes that its conduct is substantially certain to cause the harm. *Rodriguez*, 763 S.W.2d at 412 (quoting *Reed Tool*, 689 S.W.2d at 407). An allegation of willful negligence or willful gross negligence does not allege an "intentional injury." *Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex. 1981).

If an employee opts to receive worker's compensation benefits for an injury sustained in the scope of his employment, the employee may be considered to have made an election of remedies and thus be barred from seeking damages for an intentional tort from his employer. *See Medina v. Herrera*, 927 S.W.2d 597, 600-02 (Tex. 1996). However, the Act does not shield a third party, such as another employee, even a supervisor, from common law liability for an intentional tort. *Id*. at 602. If the intentional tort was work-related, the employee's acceptance of worker's compensation benefits will not shield the third party from liability. *Id*. If the tort is not work-related, the injuries are not covered by the Act and "the compensation remedy and the intentional tort remedy *would* be mutually exclusive." *Id*.

Here, Boullt's initial injury was clearly work-related, and Boullt does not argue otherwise. Any further injury or exacerbation of his injury caused by a delay in receiving worker's compensation benefits as a result of Doe's reluctance to file a claim was also work-related. *See*

8

*Rodriguez*, 763 S.W.2d at 412 (quoting Restatement (Second) of Torts § 8A (1965) and defining intent as desire to cause consequences of act or belief that consequences are substantially certain to result); *Reed Tool*, 689 S.W.2d at 406-07 (no intentional injury that would allow claimant to escape worker's compensation limits in intentional failure to provide safe workplace (unless employer believes conduct is substantially certain to cause injury), intentional modification or removal of safety guards, intentional violation of safety regulation, or intentional failure to train employee to perform dangerous task; "[w]hile these results may seem harsh, . . . it is not the gravity or depravity of the employer's conduct but rather the narrow issue of intentional versus accidental quality of the injury"). Therefore, Boullt's acceptance of worker's compensation benefits bars him from seeking common-law damages from Johnson Equipment for negligence or intentional torts, and the trial court did not err in granting summary judgment as to those claims. *See Bomar*, 9 S.W.3d at 806-07; *Medina*, 927 S.W.2d at 602. Further, under the "exclusive remedy" rule, an employer's immunity from liability for negligence or gross negligence extends to co-employees; thus, co-employees are exempt from negligence actions. *See* Tex. Lab. Code Ann. § 408.001; *Burkett v. Welborn*, 42 S.W.3d 282, 287 (Tex. App.—Texarkana 2001, no pet.); *Long v. Turner*, 871 S.W.2d 220, 223 (Tex. App.—El Paso 1993, writ denied). Therefore, it was not error for the trial court to grant summary judgment in favor of Doe and Smith as to Boullt's claims for negligence or gross negligence.

We find error, however, in the trial court's granting of summary judgment on Boullt's claims of intentional tort against Doe and Smith. Appellees asserted in their motion for partial summary judgment that "[a]ny intentional tort claim against co-workers is also barred if the [underlying] tort is employment related, as it is therefore a compensable injury and covered by the

9

exclusive remedy rule." This statements is at odds with the law. The supreme court has held that if an intentional tort is employment-related, an employee is not barred from seeking worker's compensation benefits and also common law tort damages against the co-worker or co-employee who injured him. *Medina*, 927 S.W.2d at 602 ("If the alleged assault was employment related, therefore, Medina could potentially recover compensation benefits *and* common law damages against Herrera [a co-worker] for an intentional tort."). It was error for the trial court to grant summary judgment in favor of Boullt's co-employees on his claims of intentional torts.

The trial court did not err in granting summary judgment on Boullt's claims of negligence, nor did it err in granting summary judgment in favor of Johnson Equipment on Boullt's intentional tort claims. However, the trial court did err in granting summary judgment in favor of Doe and Smith on Boullt's allegations of intentional torts. We sustain Boullt's first issue in part.

## Dismissal of Boullt's Remaining Claims

Boullt next complains of the trial court's order dismissing his suit for want of prosecution. In this Court's initial evaluation of this cause, it was discovered that the clerk's record did not contain a final judgment disposing of Boullt's remaining claims. The trial court's docket sheet, however, indicated that on March 21, 2002, an order of dismissal was signed and notices were mailed. This Court sought a supplemental record containing a final, appealable judgment, but was informed in March 2003 by the clerk of the trial court that although the docket sheet showed that a dismissal had been entered, "an order of dismissal was entered in [Boullt's cause] by mistake from our office." Therefore, Boullt's remaining claims were still pending before the trial court. On April

10

2, we notified the parties of the live claims, and on April 9, appellees filed a motion seeking to have Boullt's suit dismissed for want of prosecution. Appellees pointed out that the cause had been pending for more than twenty months, since July 2001, and that Boullt had taken no action since October 2001, referring to the supreme court's time standards and to the trial court's inherent power to dismiss. Appellees set their motion for a hearing on April 21.

On April 17, Boullt mailed an amended petition and a "Motion to Preserve Complaint," essentially asking the trial court to retain the cause on its docket and explaining that he did not realize that any claims had survived until he received this Court's letter on April 10. Those documents were filed by the trial court on April 21. Boullt stated that he did not receive appellees' motion and notice of the hearing on the motion until April 16, and asked the court to postpone the hearing for "a few days." On April 21, the same day Boullt's motion, amended petition, and request for more time were filed, the trial court signed an order granting appellees' motion and dismissing Boullt's remaining claims with prejudice. On May 19, Boullt filed a motion to reinstate, again recounting the clerical error and explaining that he did not realize any claims were still alive until about two weeks before the trial court signed the order of dismissal. The record does not demonstrate that the trial court acted on either of Boullt's motions.

A trial court may dismiss a cause for want of prosecution either under its "inherent power" or under rule 165a of the rules of civil procedure. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *see* Tex. R. Civ. P. 165a. Before a court may dismiss a cause for want of prosecution under either source of authority, a party is entitled to notice and an opportunity

11

to be heard. *Villarreal*, 994 S.W.2d at 630. A trial court should also give notice of the authority under which it intends to dismiss. *Id.* at 631-32.

A trial court has inherent power to dismiss a cause for want of prosecution if a plaintiff does not prosecute his case with due diligence. *Id.* at 630. In determining whether a party demonstrated a lack of diligence in prosecuting his claims, a trial court may consider the case's entire history, including the length of time the case was on file, any activity in the case, and any reasonable excuses for delay. *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *Rainbow Home Health, Inc. v. Schmidt*, 76 S.W.3d 53, 56 (Tex. App.—San Antonio 2002, pet. denied); *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.). A trial court may dismiss a cause under rule 165a if a party does not appear at a setting of which he had notice or if the cause is not "disposed of" within time frames set out by the supreme court. Tex. R. Civ. P. 165a(1), (2); *Villarreal*, 994 S.W.2d at 630. The record does not reflect that Boullt failed to appear or otherwise respond to any scheduled hearing or court proceeding, and thus, dismissal could not have been ordered under rule 165a(1). *See* Tex. R. Civ. P. 165a(1). As for rule 165a(2), the supreme court's rules provide that, if reasonably possible, a civil case that is not "especially complex" should be brought to trial or final disposition within eighteen months if a jury case or twelve months if a nonjury case. Tex. R. Jud. Admin. 6, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. F app. (West 1998). Boullt's suit was filed in July 2001, appellees answered in August 2001, and the suit was dismissed in April 2003, more than twenty months after the suit was filed and answered and beyond the supreme court's time frames. We therefore must determine whether the trial court erred in

12

dismissing Boullt's remaining claims either under its inherent power or rule 165a(2) or in refusing to reinstate the claims upon Boullt's motion.

We review a trial court's decision on a motion to dismiss for want of prosecution under an abuse of discretion standard, and the main issue is whether the plaintiff exercised reasonable diligence in pursuing his suit. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *see MacFarlane v. Friedland*, No. 03-01-00077-CV, 2002 Tex. App. LEXIS 339, at *9-10 (Austin Jan. 17, 2002, pet. denied) (memo. op.) (stating that in reviewing dismissal under rule 165a(2) or inherent powers, "the central issue [is] whether an appellant exercised reasonable diligence" in pursuing case). We review a trial court's refusal to reinstate a cause dismissed for want of prosecution under the same standard. *Eustice v. Grandy's*, 827 S.W.2d 12, 14 (Tex. App.—Dallas 1992, no writ). In reviewing a trial court's decision, we look at the entire history of the case and perform a fact-intensive, case-by-case determination. *See Federal Deposit Ins. Corp. v. Kendrick*, 897 S.W.2d 476, 479-81 (Tex. App.—Amarillo 1995, no writ); *Olin Corp. v. Coastal Water Auth.*, 849 S.W.2d 852, 856-58 (Tex. App.—Houston [1st Dist.] 1993, no writ). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules and principles. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

The trial court itself did not send Boullt notice of an intent to dismiss under either rule 165a(2) or the court's inherent power. Instead, on April 16, Boullt received a copy of appellees' motion to dismiss, which informed him of the April 21 hearing. Under these circumstances, it is not clear that Boullt had adequate notice of or opportunity to participate in the hearing and defend his suit against dismissal. *See Villarreal*, 994 S.W.2d at 630. Nor was any such defect cured by a

13

hearing on Boullt's motion to reinstate.[3]  *See Jimenez*, 999 S.W.2d at 129.  Even if we assume that

Boullt received adequate notice and an opportunity to make his case against dismissal, however, the

trial court abused its discretion in dismissing the suit and refusing to reinstate the remaining claims.

Although there are cases holding that it was not an abuse of discretion to dismiss a

case pending for a period of time similar to the twenty months in this cause,[4] most cases involving

dismissal for want of prosecution seem to involve much longer periods of time than the two years

total and the one year of inactivity involved in this case.  *See, e.g.*, *MacGregor*, 941 S.W.2d at 75-76

(despite warnings from trial court, cause pending for eight years with little activity); *Rotello*, 671

S.W.2d at 508-09 (cause pending for thirteen years with little activity until year before dismissal);

*Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976) (cause pending without activity for

more than seven years); *Manning v. North*, 82 S.W.3d 706, 713-14 (Tex. App.—Amarillo 2002, no

pet.) (notice of intent to dismiss sent eight years after suit filed).  Further, rule 165a(2) does not grant

a trial court the absolute right to dismiss a case pending in excess of the supreme court's time frames

without regard for any justification for the delay, but rather, a trial court may dismiss such a case if

the plaintiff does not show good cause for the delay.  *See Steward v. Colonial Cas. Ins. Co.*, No. 10-

---

[3]  Rule 165a(4) requires a trial court to set an oral hearing on a timely filed motion to reinstate, and the failure to hold such a hearing is an abuse of discretion.  Tex. R. Civ. P. 165a(3), (4); *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991).  The record does not reflect that any such hearing was held on Boullt's timely filed motion.

[4]  *See, e.g.*, *Rainbow Home Health, Inc. v. Schmidt*, 76 S.W.3d 53, 56 (Tex. App.—San Antonio 2002, pet. denied) (cause pending and largely inactive for almost two years); *Frenzel v. Browning-Ferris Indus., Inc.*, 780 S.W.2d 844, 845 (Tex. App.—Houston [14th Dist.] 1989, no writ) (cause pending with little activity for more than three years).

14

01-00085-CV, 2004 Tex. App. LEXIS 4973, at *6-7 (Waco June 2, 2004, no pet.) (plaintiff did not show good cause for failure to prosecute suit within supreme court's time standards).

The record does not show a lack of diligence on Boullt's part before the partial summary judgment was granted in March 2002. The clerk of the trial court then entered an erroneous dismissal order. That error was not discovered until a year later, and Boullt did not learn that he had live claims until April 10, 2003. On April 9, shortly after the error came to light, appellees filed their motion to dismiss. Less than two weeks later and a mere five days after Boullt actually received the motion to dismiss, the trial court dismissed Boullt's remaining claims. Boullt responded to appellees' motion to dismiss and filed a motion to reinstate, explaining the misunderstanding and stating in strong terms that he wished to pursue his remaining claims and that had he known of his live claims, he would have pursued them with diligence. Under these circumstances, when it seems that the lack of a final order was not apparent to the trial court or appellees' attorneys, much less to Boullt, we hold that it was an abuse of discretion for the trial court to find that Boullt had failed to prosecute his claims with diligence and to dismiss or refuse to reinstate the cause.[5] *See Sweed v. City of El Paso*, 139 S.W.3d 450, 452-53 (Tex. App.—El Paso 2004, no pet.) (abuse of discretion to dismiss for want of prosecution when inmate attempted to prosecute his claims, showed good cause to maintain case once notice of intent to dismiss was

---

[5] Even if it had been proper to dismiss Boullt's claims for want of prosecution, it was error to dismiss them with prejudice. *See Massey v. Columbus State Bank*, 35 S.W.3d 697, 700 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

15

served, promptly responded to court's notice, and promptly requested reinstatement upon receiving notice of dismissal); *Boulden v. Boulden*, 133 S.W.3d 884, 886-87 (Tex. App.—Dallas 2004, no pet.) (abuse of discretion to dismiss for want of prosecution when, after receiving notice of hearing on intent to dismiss, inmate sought bench warrant or to participate by conference call and "did everything he could to respond to the trial court's notice of dismissal"); *In re Marriage of Buster*, 115 S.W.3d 141, 144-45 (Tex. App.—Texarkana 2003, orig. proceeding) (inmate "did everything he could reasonably do to diligently prosecute his case," including asking to appear in person or for alternative means of participation, for appointed attorney, for permission to proceed *in forma pauperis*, and for assistance from trial court and clerk; "Seemingly, there was a complete breakdown in communication between the trial court and Buster, and because of Buster's status as an indigent and an inmate, he could not reasonably remedy the situation. Under all these circumstances, we conclude that the trial court abused its discretion when it dismissed Buster's case for want of prosecution."). We sustain Boullt's complaint raised in his supplemental brief related to the dismissal of his remaining claims for want of prosecution.

**Conclusion**

Boullt's claims against Johnson Equipment for negligence or intentional torts are barred by Boullt's acceptance of worker's compensation benefits for his injury, as are his claims against Doe and Smith for negligence. However, we reverse the order in so far as it grants judgment in favor of Smith and Doe on Boullt's claims of intentional torts. We further reverse the trial court's

16

order dismissing Boullt's remaining claims for want of prosecution, and we remand the cause to the

trial court for further proceedings.

_____

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed in Part; Reversed and Remanded in Part

Filed:   October 21, 2004