Opinion filed January 14, 2021



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00013-CV

_____

## GERARDO SANCHEZ, Appellant

## V.

## CITY OF SNYDER, TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 25025**

## MEMORANDUM OPINION

Appellant, Gerardo Sanchez, brings this appeal from the trial court's order dismissing his lawsuit for want of prosecution. Appellant contends in a single issue that the trial court abused its discretion by dismissing his lawsuit. We affirm.

*Background Facts*

On May 14, 2014, Appellant filed suit against the City of Snyder for inverse condemnation related to a vacant mobile home that the City demolished. The City

filed a plea to the jurisdiction and answer on June 16, 2014. In February 2015, the City sent written discovery to Appellant. In July 2015, the City filed a motion to compel because Appellant had not answered the written discovery requests. Appellant responded to the discovery requests on August 2, 2015, two days before the hearing on the motion to compel was scheduled to occur.

On August 28, 2018, more than three years later, the City filed a motion to dismiss for want of prosecution. Appellant had not taken any other action in the lawsuit in the intervening three years. The trial court held a hearing on the motion on November 21, 2018.

At the hearing, Appellant's counsel explained that, in the middle of 2015, Appellant's mother had passed away and Appellant paid about $10,000 for the funeral. Also around 2015, Appellant's children became entangled in "a series of criminal matters," and Appellant cared for "five up to nine grandkids" from sometime in 2015 to sometime in 2017, which caused him financial issues as well. Appellant's counsel also indicated that, because of these issues, Appellant had not paid counsel in full.

Appellant offered to waive a jury trial and proceed to a bench trial, and he assured the trial court that the issues could be quickly resolved in a day or less of trial. After a brief recess, the trial court noted that the delay in the case was approximately four and one-half years, well beyond the applicable eighteen-month rule promulgated by the Texas Supreme Court. The trial court further noted that it had accepted Appellant's explanation for the delay, stating that the explanation was "a reasonable explanation for some delay, but not a total delay. And we've had a total delay."

The trial court concluded:

> *Conner*[1] compels when it cites the rule that the Court shall dismiss the case when this case is not brought to trial or final disposition within 18 months of the appearance date, and we're essentially three years past the 18 months of the time that it should have been disposed of. So, defendant's motion is granted.

## *Analysis*

"We review a dismissal for want of prosecution under a clear abuse of discretion standard; the central issue is whether the plaintiff[] exercised reasonable diligence." *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). "A plaintiff has a duty to 'prosecut[e] the suit to a conclusion with reasonable diligence,' failing which a trial court may dismiss for want of prosecution." *In re Conner*, 458 S.W.3d at 534 (alteration in original) (quoting *Callahan v. Staples*, 161 S.W.2d 489, 491 (Tex. 1942)). A trial court abuses its discretion if it acts arbitrarily or without reference to any guiding rules or principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012).

Trial courts are generally granted considerable discretion in managing their dockets. *In re Conner*, 458 S.W.3d at 534. "The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power." *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999) (explaining both the statutory and common law sources of power). The plaintiff's failure to prosecute a case with reasonable diligence will justify a dismissal under either Rule 165a or the trial court's inherent authority. *In re Conner*, 458 S.W.3d at 534. If the trial court's order does not specify the basis for the dismissal, as is the case in this appeal, we will affirm if any proper ground supports dismissal. *Henderson v. Blalock*, 465 S.W.3d 318, 321 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

---

[1]*In re Conner*, 458 S.W.3d 532 (Tex. 2015).

3

Under Rule 165a(2), a case may be dismissed if it is "not disposed of within time standards promulgated by the Supreme Court." TEX. R. CIV. P. 165a(2). Under Rule 6.1(a) of the Texas Rules of Judicial Administration, the time standard for a nonfamily law civil case is twelve months from appearance date if it is a nonjury case and eighteen months from appearance date if it is a jury case. TEX. R. JUD. ADMIN. 6.1(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West Supp. 2020). There is no dispute that this case was not disposed of within the time limits promulgated by the Texas Supreme Court. By the time the City filed its motion to dismiss for want of prosecution, over four years had passed since the suit was initially filed and the City filed its answer. Therefore, the trial court was authorized to dismiss the case for want of prosecution under Rule 165a(2).

Appellant asserts that the trial court abused its discretion by not accepting his excuse for not prosecuting the suit as a reasonable explanation for the delay. Appellant based his excuse for the delay on his financial issues and his resulting inability to pay his attorney to prosecute the case. At least one court of appeals has held that the inability to pay a particular attorney is not a sufficient excuse for failing to exercise due diligence. *See Christian v. Christian*, 985 S.W.2d 513, 515 (Tex. App.—San Antonio 1998, no pet.); *see also Rainbow Home Health, Inc. v. Schmidt*, 76 S.W.3d 53, 56–57 (Tex. App.—San Antonio 2002, pet. denied) (holding that a lack of financial ability by the plaintiff is not a reasonable excuse for failing to prosecute a suit with diligence). While the trial court accepted Appellant's claim that he had suffered financial issues, the trial court concluded that that did not justify a "total delay." We agree with the trial court.

After Appellant filed his late responses to written discovery requests in August 2015, Appellant had taken no action in the case for three years when the City filed its motion for dismissal in August 2018. Even though Appellant, through

4

counsel,[2] asserted that financial issues precluded him from diligently prosecuting the case, there was little evidence to show when Appellant would be able to resume the case. Appellant's counsel informed the trial court that Appellant had made a recent payment to him that brought Appellant's total payments to one-third of the total attorney's fee.

The record does not establish that the trial court abused its discretion by granting the City's motion to dismiss for want of prosecution. At the time of dismissal, Appellant's suit had remained unresolved for more than four years. Five and one-half years had elapsed since the occurrence of the events leading to the lawsuit. With no expectation of when Appellant would be ready to try the case and with the length of time that had passed since suit was filed, the trial court did not err by granting the City's motion to dismiss. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE

January 14, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[3]

Williams, J., not participating.

---

[2]The Austin Court of Appeals has suggested that an excuse for delay based on the plaintiff's financial difficulties should be in the form of sworn testimony from the plaintiff himself rather than from counsel. *Harrison v. Emps. Ret. Sys. of Tex.*, No. 03-09-00259-CV, 2010 WL 2629893, at *3 n.4 (Tex. App.—Austin July 1, 2010, no pet.).

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.